Brian S. Tamsut, No. 322,780 btamsut@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Adavco, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adavco, Inc., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>Deertrail Development LLC, a California limited liability company, New Gen Engineering Inc., a California corporation, McIntosh & Associates Engineering, Inc., a California corporation, Does 1-10.<br><br>  Defendants. | Case No. 1:23-at-383<br><br>Complaint for Damages and Injunction; Copyright Infringment; Unfair Competition.<br><br>Demand for Jury Trial |

Adavco, Inc. ("Plaintiff" or "Adavco") for its complaint against Deertrail Development LLC ("Deertrail"), New Gen Engineering Inc. ("New Gen"), McIntosh & Associates Engineering, Inc. ("McIntosh"), and Does 1-10 alleges:

## JURISDICTION AND VENUE

1. This is an action for copyright infringment. Plaintiff Adavco Inc. commissioned two copyright protected tract maps for use with real estate development projects, Adavco was never compensated for the maps, yet several developers and individuals continue to use the maps without a license.

2. This court has subject matter jurisdiction over the claims in this action under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) through (b) and 28 U.S.C. § 1367.

3. This court has personal jurisdiction against Deertrail Development LLC,

New Gen Engineering Inc., and McIntosh & Associates Engineering, Inc., under Cal. Code Civ. Proc. § 410.10, because they all are California corporations or limited liability companies, and all do business in California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b).

## PARTIES

5. Adavco Inc., a California corporation, is a development firm in Bakersfield, California. Adavco assists builders throughout California by advising, designing, and commissioning tract maps for use with real estate development projects. Adavco's maps are highly coveted because they outline how to build valuable properties, and are drafted in a manner that is approved by cities, including the city of Bakersfield.

6. Deertrail Development LLC is a California limited liability company. It is a land developer in Bakersfield, California. Deertrail, without a license from Adavco, used the tract maps 6860 and 6859 (Attached as Exhibits A and B) to help develop a residential subdivision project in Bakersfield, California.

7. McIntosh & Associates Engineering, Inc., a California corporation, is a civil engineering and land surveying company that does business in Bakersfield, California. Under information and belief, McIntosh was acquired by defendant New Gen Engineering Inc., a California corporation. New Gen is continuing to assist Deertrail in committing infringement of Adavco's copyright, by assisting Deertrail in the development of a residential subdivision in Bakersfield California that uses the Tract 6860 and 6859 copyrighted maps without a license from Adavco.

8. The true names and capacities of defendants Does 1 through 10 inclusive are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant herein designated as a Doe is responsible for the events and happenings herein referred to and causing injuries proximately alleged. Plaintiff is informed and believes and thereon

alleges that each defendant was the agent, servant, and employee of each of the remaining defendants, and each was acting within the purpose and scope of the agency and employment. Each of defendant Does 1 – 10 assisted in the unauthorized copying of Adavco's federally registered copyrights.

## NATURE OF THE ACTION

9. Plaintiff Adavco created two copyright protected tract maps for use in the development of tract 6859 and 6860 located in Bakersfield California. Adavco was never compensated for the maps, yet a subsequent developer, its engineers and its subcontractors continue to use the maps without a license from Adavco.

10. This action redresses the infringement of Adavco's registered copyrights. Deertrail Development LLC, New Gen Engineering Inc., McIntosh and Associates Engineering, Inc., and Does 1-10 have created photographic, paper, digital, and physical unlicensed copies of Adavco's federally registered copyrighted works via the development of a residential subdivision in Bakersfield, California.

11. By copying and using Adavco's copyrighted works without a license and using a tangible embodiment of the subdivision design of Adavco's tract maps that are the subject of Copyright Registration Certificate No. VA 2-299-859, and VA 2-299-592, all Defendants have engaged in copyright infringement.

12. Adavco commissioned and paid for the approved plans and tract maps for the tract 6859 and 6860 developments in Bakersfield. These maps are protected under federal copyright law and are registered with the U.S. copyright office under certificates VA2-299-859 and VA 2-299-592 respectively (see attached registration certificates and copyright deposits, Exhibits C and D).

## FACTUAL BACKGROUND

13. Adavco has engaged in urban planning including the design of residential subdivisions in Bakersfield, California since 1982.

14. Over the past 40 years, the company has provided planning maps for various projects throughout California. These maps are not only associated with high

quality, but are examined and approved by various city and federal agencies including the city of Bakersfield. One of the most difficult parts of real estate development is obtaining city approval of tract maps for real estate projects. Maps that retain creativity while obtaining approval from city regulators are highly sought after and valuable.

15. Adavco developed two maps for a residential subdivision in Bakersfield, the tract 6860 and tract 6859 projects.

16. Adavco completed both maps, which were later registered with the city of Bakersfield. Deertrail, nor any other named defendant, did not paid for the maps yet Deertrail represented to third parties that the maps were "public record" and that the rights to them would "run with the land." Adavco never granted Deertrail or any third party, a license to use the maps.

17. New Gen and McIntosh, with help from Deertrail, began construction of the subdivisions based off the tract 6860 and 6859 plans. New Gen and McIntosh also used Adavco's maps and created unlicensed derivative works of the maps to create construction drawings, water systems, grating, and sewers. Several different contractors worked on constructing the subdivision, according to the specification and details of the tract 6860 and 6859 plans. Multiple copies of the maps were also created without a license.

18. Under information and belief all defendants in this case made at least fifteen unlicensed reproductions of the copyright protected tract maps. Several copies were made and submitted to the city, several copies were made and submitted to contractors and various third parties.

19. On information and belief, defendants' construction of the subdivision is based on subdivision designs substantially similar and created as a derivative work to the subdivision designs found with the copyright protected 6860 and 6859 plans.

20. On information and belief, defendants made multiple, unlicensed electronic and paper copies of the 6860 and 6859 plans during construction and planning of the

development of the 6860 and 6859 project.

## FIRST CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT OF TRACT MAP 6860 AND 6859

21. Plaintiff incorporates by reference and re-alleges all previous paragraphs.

22. Plaintiff followed all requirements of the copyright laws of the United States regarding the tract maps 6860 and 6859.

23. Defendants' copying of the federally registered tract maps is infringement of Adavco's registered copyright and the technical drawings depicted in the tract maps, in violation of the Copyright Act.

24. The infringement caused Adavco harm and injury.

25. Because of these wrongful acts of defendants in creating infringing copies of the tract maps, Adavco's copyright of the tract maps has been infringed.

## SECOND CLAIM FOR RELIEF

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

26. Adavco incorporates by reference and re-alleges all previous paragraphs.

27. During the construction of the residential subdivisions in Bakersfield, Deertrail, New Gen, McIntosh, and Does 1-10 controlled and contributed to the development of the residential subdivisions.

28. Because of constructing the residential subdivisions and the unlawful use of Adavco's copyrighted plans, defendants obtained a direct financial benefit.

29. Because of their actions, all defendants knowingly and materially contributed to and induced Deertrail's infringing conduct of plaintiff's maps.

30. Defendants also induced infringement through their copying, distribution, and attempted recording of the tract maps.

31. Because of these wrongful acts of defendants in contributing to the infringement and infringing use of the tract maps, Adavco's copyright in the tract maps has been infringed. Adavco is entitled to recover actual damages and that portion of

the profits realized by defendants from using and commercial exploitation of the infringing copies attributable to the unlawful use by defendants of the copyrighted material contained in the tract maps that are the subject of Copyright Registration Certificate No. VA 2-299-859, and VA 2-299-592.

### THIRD CLAIM FOR RELIEF

### COMMON LAW UNFAIR COMPETITION – (AGAINST ALL DEFENDANTS)

32. Adavco incorporates by reference its previous allegations.

33. This is a claim against defendants for unfair competition under California laws. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(b) because it is an unfair competition claim joined with a substantial and related claim under Federal Copyright laws.

34. Adavco has built up substantial goodwill in the quality and distinctive appearance of its maps. Adavco, as a developer, directly competes with Defendant's for constructions jobs and planning jobs.

35. Knowing the esteem the public holds for Adavco's maps, Defendants intended to and traded on the goodwill associated with Adavco's maps and misled and will continue to mislead the public into assuming a connection between Adavco and defendants' real estate development project by their distribution of maps that bear confusingly similar resemblance to Adavco's maps.

36. Defendants' unauthorized use of Adavco's maps caused and likely will continue to cause damage to Adavco by tarnishing the valuable reputation and image associated with Adavco and its maps.

37. Defendants' conduct is unfair competition in violation of California law.

38. Defendants acted willfully and maliciously, subjecting each defendant to an award of punitive damages under California law.

39. Because of these acts, Defendants are liable to Adavco for: (a) compensatory damages or Defendants' illicit profits; and (b) punitive damages in an amount sufficient to punish Defendants.

### REQUEST FOR RELIEF

WHEREFORE, Adavco respectfully requests that the Court order judgment against each defendant for:

40. A declaration that each defendant willfully infringed Adavco's exclusive rights in the copyrighted material in the tract maps that is the subject of Copyright Registration Certificate Nos. VA 2-299-859, and VA 2-299-592.

41. A preliminary and thereafter permanent injunction against defendants and all persons acting in concert or participation with them or persons acting or purporting to act on their behalf, including but not limited to their officers, directors, stockholders, partners, owners, agents, representatives, employees, attorneys, successors and assigns and all other persons acting in concert or privity with them, directing defendants to:

    a. Cease and desist from infringing plaintiff's copyright in the tract maps;

    b. Destroy all copies of the plans, including any drawings, models, advertisements, catalogues and other materials based on or derived from the tract maps; and

    c. Take all steps necessary to remove any structures or design elements copied from the tract maps or built based on the tract maps.

42. The impounding of all copies of the tract maps and any other materials derived from the tract maps in whole or in part, incorporating any element of the tract maps, and all ways such copies may be reproduced and an order providing for the destruction or other reasonable disposition of materials containing copies of the tract maps of the designs embodied in the tract maps used in violation of Adavco's exclusive rights and all ways such copies may be produced; and if certain such copies are no longer under the control of defendants, provide the name, address and relevant contact information of those believed to be in possession and control of such materials;

43. The filing with this Court and the service on Adavco within 30 days following service of the injunction order, a report under oath and in writing, setting forth the form in which defendants have followed the injunction;

44. The awarding to plaintiff Adavco of damages equal to the actual damages suffered by Adavco because of the infringement and that part of the profits earned by defendants from the creation and commercial exploitation of the copied tract maps and the infringing building attributable to the infringement, and not considered in computing Adavco's actual damages, including an award of the reasonable attorney fees, costs and disbursements incurred by Adavco in connection with this action; and

45. The awarding to plaintiff Adavco of at least $2,250,000, the maximum statutory damages allowed under the Copyright Act regarding each infringement, or for such other amount as may be proper under 17 U.S.C. § 504(c), including an award of reasonable attorney fees, costs, and disbursements incurred by Adavco in connection with this action; and

46. The granting to Adavco of such other and further relief as this Court may deem just and proper.

May 5, 2023

/s/ Brian Tamsut
Brian Tamsut
Michael Harris
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Adavco, Inc.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

May 5, 2023

/s/ Brian Tamsut
Brian Tamsut
Michael Harris
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Adavco, Inc.