David A. Ericksen (Bar No. 153923)
MURTAUGH TREGLIA STERN & DEILY LLP
2603 Main Street, Penthouse
Irvine, California 92614-6232
(949) 794-4000/FAX (949) 794-4099
dericksen@murtaughlaw.com

Attorneys for Defendant/Cross-Defendant MCINTOSH & ASSOCIATES ENGINEERING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adavco, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Deertrail Development LLC, et al., <br><br> Defendants. | CASE NO. 1:23-cv-00695-JLT-SKO <br><br> **Assigned to:** <br> Hon. Jennifer L. Thurston (presiding) <br> Hon. Sheila K. Oberto (referral) <br><br> MCINTOSH & ASSOCIATES ENGINEERING, INC.'S OPPOSITION TO ADAVCO, INC.'S APPLICATION FOR DEFAULT JUDGEMENT and MOTION TO VACATE OR SET ASIDE ENTRY OF DEFAULT <br><br> Hearing Date: January 10, 2024 <br> Hearing Time: 9:30 am <br> Dept.: Courtroom 4 <br> Judge: Hon Sheila K. Oberto |

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that on January 10, 2024 at 9:30 a.m. or as soon thereafter as this matter may be heard in the above-entitled Court, Defendant McIntosh Associates Engineering, Inc. ("McIntosh") will oppose Plaintiff's Motion for Entry of Default Judgment and will move this Court to vacate or set aside entry of default for good cause, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. This motion is based upon the attached Memorandum of

Points and Authorities, Declaration(s) in Support, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion. This motion is made following multiple meet and confer telephone calls and emails between counsel up to and including the afternoon of December 15.

Dated: December 15, 2023

MURTAUGH TREGLIA STERN & DEILY LLP

By: _____
David A. Ericksen
Attorneys for Defendant/Cross-Defendant MCINTOSH & ASSOCIATES ENGINEERING, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT AND IN SUPPORT OF MOTION TO VACATE OR SET ASIDE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

Defendant McIntosh & Associates Engineering, Inc. ("McIntosh") respectfully submits this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Entry of Default Judgment and in Support of Defendant's Motion to Set Aside Entry of Default and Opposition to Plaintiff's Motion for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(c) because there is good cause and/or excusable delay for McIntosh's appearing in this action. Rule 55© expressly provides that "[f]or good cause shown the court may set aside an entry of default." Such good cause exists here.

FACTUAL BACKGROUND

McIntosh was a professional civil engineering business based in Bakersfield, California. The principal of McIntosh was Roger McIntosh. Unfortunately, Mr. McIntosh passed away on June 10, 2021 following an extended illness. Mr. McIntosh was survived by his spouse Beverly McIntosh who sold the assets of the business to Mr. McIntosh's former colleagues on or about February 1, 2022. The new business was and is co-defendant New Gen Engineering.

The underlying events alleged here by Plaintiff coincided with Mr. McIntosh's illness and passing and the sale of the assets of McIntosh. As a result, the engineering business at that time was handled by Mr. McIntosh's colleagues and not Mrs. McIntosh.

The underlying events purportedly date back to at least 2005. At that time, the subject property known as Tract 6859 and Tract 6860 in Bakersfield, California ("the Property") was owned by the Robert D. Nelson and Darin C.

Nelson Revocable Trust Dated July 28, 1997 ("the Nelson Trust").  In or about that time, Plaintiff Adavco entered into an agreement with the Nelson Trust for potential purchase and sale and subsequent development of the Property ("Adavco-Nelson Agreement").  As part of the Adavco-Nelson Agreement, it is believed and understood that Adavco assigned to the Nelson Trust all rights in any plans or documents produced pursuant to the Adavco-Nelson Agreement.

As part of its actions under the Adavco-Nelson Agreement, on or about May 25, 2005, Adavco purportedly retained the engineering firm SmithTech USA Incorporated ("SmithTech") to "supply engineering services . . . for a General Plan Amendment, Zone Change, and Tentative Tract Map" for the Property.  SmithTech prepared and recorded a "Vesting Tentative Map" for each tract on the Property on or about August 19, 2008.

Adavco and the Nelson Trust ultimately did not proceed with their purchase and sale or the contemplated development.  Nevertheless, SmithTech continued to file extensions of time as to the "Vesting Tentative Map" for each tract on the Property up through at least January 17, 2019 which preserved the validity and vested status of the "Vesting Tentative Map" for each tract on the Property through at least December 27, 2021.

On or about April 12, 2021, the Nelson Trust entered into a Purchase and Sale Agreement with another purchaser – Deertrail Development LLC ("Nelson-Deertrail Agreement").  As of the date of the Nelson-Deertrail Agreement, due to the extensions of time, the Vesting Tentative Map remained valid and vested as to each Tract in the Property.  The Nelson Deertrail Agreement included an

///
///
///
///
///

Assignment which expressly provided:

*B. Seller desires to induce Assignee to consummate the purchase of the Property by assigning to Assignee, on the terms and conditions set forth herein, its interest, ifanv. and only to the fullest ex/en/ assignable. in all entitlements, tentative and final maps, development rights, and privileges appurtenant to said Property, used, owned, or held solely in connection with the development of the Property including, without limitation: (i) any tentative map and/or final map and all entitlements, subdivision agreements, and other agreements relating solely to the development of the Property; (ii) all plans, specifications, maps, drawings, and other renderings relating solely to the development of the Property; (iii) all warranties and development rights solely benefiting the Property; (iv) all rights, claims, or awards solely benefiting the Property; and (vi) all rights to receive a reimbursement, credit, or refund from the applicable agency or entity of any deposits or fees paid in connection with the development of the Property except as provided otherwise in the Agreement (collectively, the "Intangible Property").*

As such, any and all rights expressly tied to the land or rights conveyed by Adavco to the Nelson Trust as a part of the Adavco-Nelson Agreement were necessarily conveyed and transferred to Deertrail Development and became appropriate for use by it and its engineers.

PROCEDURAL BACKGROUND

Adavco filed its Complaint in this action on or about June 23, 2023. When this matter was first filed, McIntosh engaged and communicated through attorney and Greg Ryan of Ryan & Associates and attorney David Potter of Almeida Costa & Pinheiroto respond to and engage with counsel for Plaintiff. They did so and had discussions regarding the relevant facts and pleadings. They also had discussions with counsel for McIntosh's successor, co-defendant New Gen Engineering. As part of those discussions and thereafter, questions were raised

as to whether service of the Complaint had been proper. There were also discussions as to whether any entry of McIntosh into the litigation should have been deferred until after lead defendant Deertrail Development LLC's Motion to Dismiss as filed on or about June 14, 2023 was resolved.

In the midst of those discussions, Plaintiff secured a Clerk's Certificate of Entry of Default against McIntosh on or about August 3, 2023.

Shortly thereafter, further counsel was retained for McIntosh by its insurance carrier. That counsel was Ted Levin of Clark Hill. From mid-August 2023 to mid-September 2023, Mr. Levin along with McIntosh's other counsel continued discussions as to the adequacy of service and steps to vacate or set aside the Default as to McIntosh.

That process remained incomplete as of September 18, 2023 when McIntosh's insurance carrier elected to change counsel from Mr. Levin to David Ericksen, then of Hinshaw Culbertson. At that time, Mr. Ericksen had been at Hinshaw Culbertson for approximately two weeks as a new attorney. As it turned out, Hinshaw Culbertson was not a fit and on or about October 16, 2023, Mr. Ericksen transitioned his practice to Murtaugh, Treglia, Stern, & Deily where he is now. Correspondence and documents received while at the Hinshaw Culbertson firm have still not been provided to Mr. Ericksen. Following conversations with Plaintiff's counsel Brian Tamsut wherein Mr. Tasmut asked for a showing that Mr. Ericksen was actually engaged in the matter, Mr. Ericksen filed a Notice of Appearance in this action on  2023.

Efforts before and since Mr. Ericksen's Notice of Appearance to vacate or set aside the default have not been successful. Accordingly, McIntosh files this Opposition and Motion.

LEGAL GROUNDS FOR OPPOSITION & MOTION

Federal Rule of Civil Procedure Rule 55(c) provides that relief from the entry of a default may be granted for "good cause shown." The standard for

setting aside an entry of default pursuant to Rule 55(c) is "lenient". See *American Airlines Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 59 (2d Cir. 1996); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (describing the Rule 55(c) standard as "lenient").

Although Rule 55(c) does not define "good cause," the following have been identified as potentially relevant considerations: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). All three considerations here favor setting aside the default. Specifically,

1. The Default was not willful. As described above, throughout the course of this matter, McIntosh's counsel has been in active dialogue with Plaintiff's counsel as to both service and pleading issues. The only delay was due to the pursuit of insurance defense and then appointment and replacement of insurance appointed defense counsel. Of course, all of that was further complicated and explained by the fact that McIntosh principal Roger McIntosh was deceased and the assets of the company McIntosh had been sold or transferred.

2. Setting aside the Default will not prejudice Plaintiff. Two other defendants are present in this action – Deertrail Development LLC and New Gen Engineering. Each are active and ongoing entities which were actively involved in the events alleged in the Complaint. Allowing McIntosh to defend its role along side those other entities will not prejudice or burden Plaintiff.

3. As set forth above and will be presented to the Court, McIntosh is informed and believes that there are meritorious defenses to this action and that such defenses will become evident through the course of necessary discovery. Among other things, McIntosh is informed and

believes that the Adavco-Nelson Agreement assigned rights to the Nelson Trust which will preclude this action. Furthermore, McIntosh believes that assurances as to the rights to use certain documents was conveyed to McIntosh by other parties. Furthermore, McIntosh believes and will argue that the "Vesting Tentative Map" was recorded and attached to the property such that the owner of such property was entitled to the full benefits of that "Vesting Tentative Map" so long as it was validly tied to the Property.

CONCLUSION

McIntosh submits the foregoing as clearly establishing good cause to deny Plaintiff's Motion for Entry of Default Judgment and to Vacate or Set Aside the Clerk's Entry of Default.

Dated: December 15, 2023

MURTAUGH TREGLIA STERN & DEILY LLP

By: _____
David A. Ericksen
Attorneys for Defendant/Cross-Defendant MCINTOSH & ASSOCIATES ENGINEERING, INC.