# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAVCO, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DEERTRAIL DEVELOPMENT LLC; NEW GEN ENGINEERING GROUP, INC.; and MCINTOSH & ASSOCIATES ENGINEERING, INC.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:23-cv-00695-JLT-SKO<br><br>**ORDER VACATING HEARING, GRANTING DEFENDANT MCINTOSH & ASSOCIATES ENGINEERING, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT, AND DENYING PLAINTIFF ADAVCO, INC.'S MOTION FOR DEFAULT JUDGMENT AS MOOT**<br><br>(Docs. 33 & 35) |

Presently before the Court is the motion of Defendant McIntosh & Associates Engineering, Inc. ("Defendant McIntosh") to set aside the Clerk's entry of default. (Doc. 35.) No party filed an opposition. The motion is therefore deemed unopposed. *See* E.D. Cal. Local Rule 230(c).

The Court finds the motion for reconsideration suitable for determination on the papers submitted and without oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the hearing set for January 24, 2024, will be vacated.

For the reasons set forth below, the motion to set aside the Clerk's entry of default will be granted. Plaintiff Adavco, Inc. ("Plaintiff")'s previously filed motion for default judgment against Defendant McIntosh (Doc. 33) will therefore be denied as moot.

## I. BACKGROUND

Plaintiff filed its First Amended Complaint, the operative pleading, on June 23, 2023. (Doc. 16.) According to Plaintiff, Defendants McIntosh, Deertrail Development LLC ("Defendant

Deertrail"), and New Gen Engineering Group, Inc. copied and used Plaintiff's copyrighted tract maps to develop a residential subdivision in Bakersfield, California. (Doc. 16.) Plaintiff asserts two claims for copyright infringement and seeks injunctive relief, actual damages, statutory damages, and attorney's fees and costs. (*Id*.)

According to a proof of service, on June 29, 2023, service of Defendant McIntosh was made on its agent, Beverly Ann McIntosh. (Doc. 19.) Defendant McIntosh did not file a responsive pleading within the time allotted by law to do so. On August 3, 2023, Plaintiff requested that the Clerk of Court enter default against Defendant McIntosh (Doc. 25), which was entered that same day (Doc. 26).

Shortly after the entry of default, Plaintiff's counsel began engaging in discussions with several of Defendant McIntosh's former counsel regarding the propriety of service and setting aside the default. (*See* Doc. 33-8.) No agreement was reached.

On September 18, 2023, Defendant McIntosh's insurance carrier retained David Ericksen, current counsel of record, who had been at his then-law firm for about two weeks. (Doc. 35-1 at 4–5.) Attorney Ericksen changed law firms approximately a month later. (*Id*. at 5.) According to Attorney Ericksen, "[c]orrespondence and documents received while at [his former firm] have still not been provided to [him]." (*Id*.) Attorney Erickson filed a notice of appearance in this case on November 22, 2023. (Doc. 31.)

On December 1, 2023, Plaintiff filed a motion for default judgment against Defendant McIntosh. (Doc. 33.) In response, Defendant McIntosh filed the present motion to set aside default on December 15, 2023. (Doc. 35.) No opposition to the motion to set aside default has been filed.

## II.   DISCUSSION

**A.   Legal Standard**

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55(a) provides:

> (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

2

Fed. R. Civ. P. 55(a).[1]

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." The party seeking relief from the entry of default bears the burden of showing good cause to set aside the entry of default. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A court considers three factors in determining whether good cause exists: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."[2] *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereafter, "*Mesle*") (modification in original) (quoting *Franchise Holding II, LLC*, 375 F.3d at 925–26).

Under this disjunctively framed standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091; *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may within its discretion grant relief from default even after finding one of the "good cause" factors to be true. *See, e.g., Brandt*, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, *but need not*.") (emphasis added). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1.

Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring default judgments. *See Mesle*, 615 F.3d at 1091

---

[1] As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55"); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

[2] This standard is the same as is used to determine whether a default judgment should be set aside under Rule 60(b). *See Mesle*, 615 F.3d at 1091.

3

1 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible"). Moreover, the Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089.

With the above principles in mind, the Court proceeds to consider Defendant McIntosh's request to set aside the Clerk's entry of default.

**B.     Analysis**

   **1.     Culpable Conduct**

"Culpable conduct" occurs when a defendant had actual or constructive notice of the action and intentionally failed to answer. *Mesle*, 615 F.3d at 1092. "The term 'intentionally' means that a [defendant] cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the [defendant] must have acted with bad faith, such as 'an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id*. (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). A party "intentionally" fails to answer where such failure was willful, deliberate or in bad faith. *Id*. To the contrary, a party's negligent failure to respond, particularly where such failure is accompanied with a good faith explanation for the delay, does not constitute culpable conduct. *Id.* (reversing district court's decision denying the defendant's motion to set aside default judgment because "simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors such as prejudice, weigh heavily in favor of denial of the motion). Simple carelessness does not rise to the level of culpable conduct. *Id.* at 1093.

Here, while it had notice of the lawsuit, there is no evidence that Defendant McIntosh intentionally failed to respond to Plaintiff's First Amended Complaint. Attorney Ericksen explains that Defendant McIntosh changed counsel multiple times in the months since default was entered,

4

and during that time those counsel engaged in discussions with Plaintiff's counsel regarding setting aside the default. Once Attorney Ericksen was retained in September 2023, he too undertook efforts to confer with Plaintiff's counsel to set the default aside, but such efforts were hindered due to Attorney Ericksen's lack of access to correspondence and documents in the possession of his former firm. While Defendant McIntosh's motion to set aside was not filed until over three months after default was entered, and after Plaintiff filed its motion for default judgment, the Court cannot conclude based on this record that such delay was willful, deliberate or in bad faith. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that delay caused by the party's efforts to retain new counsel was not culpable conduct, thus reversing district court's denial of motion to set aside order of dismissal under Rule 60(b)); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir.2000) (even though reasons for failing to timely respond were weak, the delay was not the result of "deviousness or willfulness" and thus, culpable conduct did not cause delay); *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984) (declining to find five-month delay in moving to set aside default culpable in light of the defendant's difficulty in obtaining assistance from legal services); *Williams v. Dawley*, No. 08–799 FCD-EFB, 2008 WL 3540360 *2 (E.D. Cal. Aug.12, 2008) (holding parties' diligence in working to set aside default supported a finding of good cause).

Because the record is devoid of any evidence that Defendant McIntosh intentionally failed to respond to Plaintiff's First Amended Complaint, the first factor weighs in favor of finding good cause to set aside the entry of default.

**2.    Meritorious Defense**

Regarding whether a defaulting defendant has a meritorious defense, the Ninth Circuit Court of Appeals has stated that, at least in the context of relief from the entry of a default judgment, the defaulting defendant must "present the district court with specific facts that would constitute a defense." *Franchise Holding II*, 375 F.3d at 926. This burden is not "extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of

5

the later litigation.'" *Id*. (citing *TCI Group*, 244 F.3d at 700).

Here, Defendant McIntosh asserts that it can establish a potential defense in this action, namely, that Defendant Deertrail obtained the right to use Plaintiff's tract maps through an assignment and that such right was conveyed to Defendant McIntosh, which precludes Plaintiff's claim of copyright infringement against Defendants. (Doc. 35 at 7–8.) Defendant McIntosh further asserts that the tract maps "attached to the property" such that its owner "was entitled to the fully benefits" of the maps. (*Id*. at 8.)

Defendant McIntosh has presented the Court "with specific facts that would constitute a defense" in this case, namely, the right to use Plaintiff's copyrighted tract maps. *See Morris v. Young*, 925 F. Supp. 2d 1078, 1082 (C.D. Cal. 2013) (To establish copyright infringement, a plaintiff must show . . . . the unauthorized copying of constituent elements of the copyrighted work that are original) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 361, (1991)). Because unauthorized use is an element of Plaintiff's claims in this case—claims upon which Plaintiff seeks entry of default judgment—Defendant McIntosh has met its minimal burden under the "meritorious defense" prong. *Mesle*, 615 F.3d at 1094 (characterizing burden under "meritorious defense" prong as "minimal"); *cf. Franchise Holding II*, 375 F.3d at 926 ("meritorious defense" prong not met where party offered "only conclusory statements," not "specific facts that would constitute a defense").

### 3. Prejudice

"To be prejudicial, the setting aside of a judgment [or clerk's entry of default] must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. Here, there is no indication that Plaintiff's ability to prosecute its case will be hindered by the delay in setting aside the Clerk's entry of default. Defendant McIntosh has filed an answer (Doc. 37), no dates or deadlines have been set in this case, and the pleadings are not settled, as Defendant Deertrail's motion to dismiss the First Amended Complaint is fully briefed and remains pending before the assigned district judge. (Doc. 21.) Moreover, the parties' lack of opposition to the motion indicates that any potential prejudice would be minimal.

///

### III. CONCLUSION AND ORDER

In sum, Defendant McIntosh's lack of culpability, its articulation of facts that would constitute a defense to Plaintiff's claims, and the lack of prejudice to the parties all weigh in favor of setting aside the entry of default. Based on those factors and the general preference for resolving cases on their merits, the Court concludes that good cause exists to set aside the Clerk's entry of default against Defendant McIntosh.

Accordingly, it is HEREBY ORDERED that:

1. The hearing set for January 24, 2024, is hereby VACATED;
2. Defendant McIntosh & Associates Engineering, Inc.'s motion to set aside the Clerk's entry of default (Doc. 35) is GRANTED and the entry of default against it (Doc. 26) is SET ASIDE;
3. Defendant McIntosh & Associates Engineering, Inc. SHALL respond to Defendant New Gen Engineering Group, Inc.'s crossclaim (Doc. 29) by no later than seven (7) days of the service of this order; and
4. Plaintiff Adavco, Inc.'s motion for default judgment (Doc. 33) is DENIED as MOOT.

IT IS SO ORDERED.

Dated:  **January 10, 2024**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE