David A. Ericksen (Bar No. 153923)
MURTAUGH TREGLIA STERN &
DEILY LLP
2603 Main Street, Penthouse
Irvine, California 92614-6232
(949) 794-4000/FAX (949) 794-4099
dericksen@murtaughlaw.com

Attorneys for Defendant/Cross-Defendant MCINTOSH & ASSOCIATES ENGINEERING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adavco, Inc., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>Deertrail Development LLC, a California limited liability company, New Gen Engineering Group, Inc., a California corporation, McIntosh & Associates Engineering, Inc., a California corporation, Does 1-10.<br><br>Defendants. | CASE NO. 1:23-cv-00695-JLT-SKO<br><br>**Assigned to:**<br>Hon. Jennifer L. Thurston (presiding)<br>Hon. Sheila K. Oberto (referral)<br><br>ANSWER BY MCINTOSH & ASSOCIATES ENGINEERING, INC. TO NEW GEN ENGINEERING GROUP, INC.'S CROSS-COMPLAINT |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant and Cross-defendant McIntosh, INC. (hereinafter "McIntosh") files this Original Answer to the Cross-Complaint of NEW GEN ENGINEERING GROUP, INC. (hereinafter "New Gen"), as follows:

**I.    ANSWER**

1.  Answering Paragraph 46: McIntosh denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to McIntosh. As to the remaining allegations, including allegations as to other defendants, McIntosh alleges that it does not have sufficient information or belief on the subject to enable it to answer any of the

3048110
- 1 -

allegations in those paragraphs and, basing its denial on that ground, denies each and every allegation contained therein generally and specifically in each and every part thereof.

2. Answering Paragraph 47: McIntosh denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to McIntosh. As to the remaining allegations, including allegations as to other defendants, McIntosh alleges that it does not have sufficient information or belief on the subject to enable it to answer any of the allegations in those paragraphs and, basing its denial on that ground, denies each and every allegation contained therein generally and specifically in each and every part thereof. Without waiver of the preceding general denial, this answering defendant admits that that this court has subject matter jurisdiction over the copyright claims in this action.

3. Answering Paragraph 48: McIntosh denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to McIntosh. As to the remaining allegations, including allegations as to other defendants, McIntosh alleges that it does not have sufficient information or belief on the subject to enable it to answer any of the allegations in those paragraphs and, basing its denial on that ground, denies each and every allegation contained therein generally and specifically in each and every part thereof. Without waiver of the preceding general denial, this answering defendant admits that that this court has personal jurisdiction over this answering defendant and that this defendant does business in California.

4. Answering Paragraph 49: McIntosh denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to McIntosh. As to the remaining allegations, including allegations as to other defendants, McIntosh alleges that it does not have sufficient information or belief on the subject to enable it to answer any of the

allegations in those paragraphs and, basing its denial on that ground, denies each and every allegation contained therein generally and specifically in each and every part thereof. Without waiver of the preceding general denial, this answering defendant admits that that venue is proper over this action and that this defendant does business in Bakersfield, California within the Eastern District.

5. Answering Paragraph 50: McIntosh denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to McIntosh. As to the remaining allegations, including allegations as to other defendants, McIntosh alleges that it does not have sufficient information or belief on the subject to enable it to answer any of the allegations in those paragraphs and, basing its denial on that ground, denies each and every allegation contained therein generally and specifically in each and every part thereof.

6. Answering Paragraph 51: McIntosh denies each and every allegation contained therein generally and specifically, and each and every part thereof, related to McIntosh. As to the remaining allegations, including allegations as to other defendants, McIntosh alleges that it does not have sufficient information or belief on the subject to enable it to answer any of the allegations in those paragraphs and, basing its denial on that ground, denies each and every allegation contained therein generally and specifically in each and every part thereof.

## II. AFFIRMATIVE DEFENSES

7. FIRST AFFIRMATIVE DEFENSE (Fair Use). McIntosh asserts the affirmative defense of Fair Use pursuant to Section 107 of the Copyright Act.

8. SECOND AFFIRMATIVE DEFENSE (Indemnification). McIntosh asserts the affirmative defense of indemnification. McIntosh alleges that any damages or liability claimed by the plaintiff were caused by the actions or

omissions of a third party, for which McIntosh is entitled to be indemnified by said third party. McIntosh further asserts that any recovery the plaintiff should by sought from the third party responsible for the alleged damages or liability.

9. THIRD AFFIRMATIVE DEFENSE (Contribution). McIntosh asserts the affirmative defense of contribution. McIntosh demands that if it is found liable for any damages or liability claimed by the plaintiff, such liability should be apportioned among other responsible parties who may be jointly liable. McIntosh seeks contribution from these other responsible parties to share in the payment of any damages or liability imposed by the court.

10. FOURTH AFFIRMATIVE DEFENSE (Principal-Agent Relationship). McIntosh asserts the affirmative defense of Principal-Agent Relationship. McIntosh alleges that at all times of the incident giving rise to the plaintiffs claims, McIntosh, was acting as an agent on behalf of a disclosed principal, Defendant Deertrail Development, LLC. McIntosh further contends that all actions taken were done so under the lawful instruction and authority of the controlling party in the principal-agent relationship, Defendant Deertrail Development, LLC.

11. FIFTH AFFIRMATIVE DEFENSE (Lack of Originality). McIntosh asserts the affirmative defense of Lack of Originality. McIntosh alleges that the allegedly infringed work lacks the requisite originality for copyright protection.

12. SIXTH AFFIRMATIVE DEFENSE (Copyright Misuse). McIntosh asserts the affirmative defense of Copyright Misuse. McIntosh alleges that plaintiff has engaged in copyright misuse to stifle competition or exert control beyond the scope of copyright law.

13. SEVENTH AFFIRMATIVE DEFENSE (Innocent Infringer Defense). McIntosh asserts the affirmative defense of Innocent Infringement under Section 504. McIntosh alleges that if infringement did occur, McIntosh was only not aware that its use of the work infringed the plaintiffs copyright, but

also that it had no reason to believe that its acts constituted infringement.

14.  EIGHTH AFFIRMATIVE DEFENSE (Estoppel). McIntosh asserts the affirmative defense of Estoppel. McIntosh alleges that the plaintiff is barred from asserting copyright infringement due to their prior conduct or representations.

15.  NINTH AFFIRMATIVE DEFENSE (Unclean Hands). McIntosh asserts the affirmative defense of Unclean Hands. McIntosh alleges that the plaintiff engaged in improper conduct, such as copyright infringement themselves, which disqualifies them from seeking relief.

16.  TENTH AFFIRMATIVE DEFENSE (First Amendment). McIntosh asserts the affirmative defense of First Amendment protection. McIntosh alleges that its actions are protected by the First Amendment's guarantee of freedom of speech and right to freedom of expression.

### III.  DEMAND FOR JURY TRIAL

17.  Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 201, McIntosh demands a jury trial on all issues present in the First Amended Complaint that are triable by a jury.

Dated: February 6, 2024

MURTAUGH TREGLIA STERN & DEILY LLP

By: _____
David A. Ericksen
Attorneys for Defendant/Cross-Defendant MCINTOSH & ASSOCIATES ENGINEERING, INC.