UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAVCO, INC., *a California corporation*, <br><br>Plaintiff, <br><br>v. <br><br>DEERTRAIL DEVELOPMENT, LLC, *a California limited liability company*, NEW GEN ENGINEERING INC., *a California corporation*, MCINTOSH & ASSOCIATES ENGINEERING, INC., *a California corporation*, <br><br>Defendants. | Case No. 1:23-cv-00695-JLT-SKO <br><br>ORDER GRANTING IN PART AND DENYING IN PART DEERTRAIL'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND ITS COMPLAINT <br>(Doc. 21) |

Adavco, Inc. is a development firm based in Bakersfield, California that assists builders throughout the state "by advising, designing, and commissioning [highly coveted] tract maps for use with real estate development projects." (FAC, Doc. 16 at ¶ 5.) It brings this action against Deertrail Development, LLC, New Gen Engineering, Inc., and McIntosh and Associates Engineering, Inc. for their alleged direct and contributory copyright infringement of two of Plaintiff's copyrighted maps. (Doc. 16.) Pending is Deertrail's Motion to Dismiss Plaintiff's FAC. (Doc. 21.) For the following reasons, Deertrail's motion is **GRANTED IN PART AND DENIED IN PART**.

///

///

1

I.     BACKGROUND

This case concerns two of Adavco's commissioned, "copyright protected tract maps,"[1] entitled, "6860 and 6859," that it asserts "several developers and individuals continue to use . . . without a license."  (FAC, Doc. 16 at ¶¶ 1, 6; *see also* Exs. A & B, Doc. 16-1 at 2 (exhibit of tract map 6860), 16-2 at 2 (exhibit of tract map 6859).)

Plaintiff alleges that a Bakersfield land developer, "Deertrail entered into a contract with Adavco for Adavco to develop two maps" for tracts 6860 and 6859.  (Doc. 16 at ¶ 16.)  "Adavco completed both maps, which were later registered with the city of Bakersfield," but neither Deertrail, "nor any other named defendant, paid for the maps."  (*Id.* at ¶ 17.)  Deertrail represented to third parties that "the maps were 'public record'" and any "rights to them would 'run with the land.'"  (*Id.*) Deertrail then "used the tract maps . . . to help develop a residential subdivision project" in Bakersfield (*id.* at ¶ 6), while New Gen "help[ed] Deertrail in the development of a residential subdivision in Bakersfield [ ] that uses the Tract 6860 and 6859 copyrighted maps without a license from Adavco." (*Id.* at ¶ 7.)[2] Though Plaintiff represents that it "created [the] two copyright protected tract maps," it alleges that it "was never compensated for the maps," even though developers, engineers, and subcontractors "continue to use the maps without a license from Adavco."  (*Id.* at ¶ 9.)

All defendants "have created photographic, paper, digital, and physical, unlicensed copies of Adavco's federally registered copyrighted works . . . using a tangible embodiment of the subdivision design of Adavco's tract maps[.]" (*Id.* at ¶¶ 10–11.)  Without a license from Adavco, defendants used these copies of the maps to "beg[in] construction of the subdivisions using the tract 6860 and 6859 plans," and to "create[] unlicensed derivative works of the maps to create construction drawings, water systems, grating, and sewers."  (*Id.* at ¶ 18; *see also id.* at ¶¶ 19 ("[A]ll defendants made at least fifteen unlicensed reproductions of the tract maps . . . and copies

---

[1] Plaintiff's copyright registrations are attached to the FAC in Exhibits C and D.  (*See* Exs. C & D, Docs. 16-3 at 2–3, 16-4 at 2–3.) Exhibit C is a Certificate of Registration for "Tract 6850" instead of tract 6860, as alleged in the FAC.  (Ex. C, Doc. 16-3 at 2.) The Copyright Registration Certificate Numbers are VA 2-299-859 and VA 2-299-592.  (Exs. C & D, Docs. 16-3 at 2, 16-4 at 2.)
[2] New Gen acquired McIntosh, "a civil engineering and land surveying company," that also does business in Bakersfield.  (Doc. 16 at ¶ 7.)

2

were made and submitted to contractors and third parties."), ¶ 21 ("[D]efendants made multiple, unlicensed electronic and paper copies of the 6860 and 6859 plans during construction and planning of the development of the" two projects).)

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A defendant may move to dismiss a claim in the plaintiff's complaint if the allegation "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At the pleading stage, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As such, the plausibility standard is a "context-specific task that requires the reviewing court to [1] draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679, and [2] to "'draw all reasonable inferences in favor of the nonmoving party.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). "Ultimately, dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Id.* at 773–74 (internal citation and quotation marks omitted) (cleaned up). However, "[c]onclusory allegations and unreasonable inferences do not provide [] a basis" for determining a plaintiff is entitled to relief. *Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023) (citation omitted); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (The court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (cleaned up) (internal quotation marks and citation omitted). Nor may the Court accept legal conclusions and threadbare recitals of the elements of a cause of action. *Doe I v.*

*Cisco Sys., Inc.*, 73 F.4th 700, 713 (9th Cir. 2023) ("Although a reviewing court must accept a complaint's factual allegations as true, the same is not true of legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (cleaned up) (internal quotation marks and citation omitted).

Though resolution of a motion to dismiss under Rule 12(b)(6) is normally confined to the allegations stated in the complaint, the court "may also 'consider [1] materials that are submitted with and attached to the complaint'; [2] judicial notice of matters of public record'; and [3] unattached evidence on which the complaint necessarily relies if: [a] the complaint refers to the document; [b] the document is central to the plaintiff's claim; and [c] no party questions the authenticity of the document.'" *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011)).

### III.   DISCUSSION

A.   Rule 8(a): Lumping of defendants

Deertrail argues that the FAC fails to comply with Fed. R. Civ. P. 8(a)(2) because "each cause of action in the FAC combines [the] Defendants . . . into a unified mass without taking meaningful steps to differentiate who did what in the events leading to the alleged infringement." (Doc. 21-1 at 7–8.) In Deertrail's view, "the reader cannot understand if McIntosh/New Gen is the direct infringer while Deertrail is allegedly the contributory infringer, or everyone is both at the same time?" (*Id.* at 8 ("It is impossible to ascertain from the FAC who allegedly did what in a case where the extent of copying may apportion liability between the Defendants (or not at all).").) As such, Deertrail moves to dismiss the FAC. (*Id.* at 9.)

"Allegations are factually deficient when a complaint lumps defendants together and fails to adequately distinguish claims and alleged wrongs among defendants[.] Plaintiffs must allege more than generic and conclusory allegations demonstrating that 'Defendants' collectively engaged in misconduct and allege with at least some degree of specificity the acts which each defendant is alleged to have engaged in which support Plaintiff's claims." *Wolfe v. City of Portland*, 566 F. Supp. 3d 1069, 1089 n. 12 (D. Or. 2021) (cleaned up) (internal quotation marks

1  and citations omitted) (collecting cases); *Inman v. Anderson*, 294 F. Supp. 3d 907, 919 (N.D. Cal. 2018) ("[W]hen a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.") (internal quotation marks and citations omitted); *see also McKeon v. Cent. Valley Cmty. Sports Found.*, No. 1:18-cv-0358-BAM, 2018 WL 6436256, at *4 (E.D. Cal. Dec. 7, 2018).

"[W]hile Plaintiff[] refer[s] to all three defendants collectively under each cause of action, the FAC adequately sets out specific facts against each individual defendant" and fairly puts all three defendants "on notice of the basis of Plaintiff['s] claims[.]" *Dougherty v. Bank of Am., N.A.*, 177 F. Supp. 3d 1230, 1253 (E.D. Cal. 2016) (citation omitted). Plaintiff's FAC complains about the defendants copying two of its copyright-registered tract maps and alleges that Deertrail used unlicensed copies of Plaintiff's maps to develop a residential subdivision project in Bakersfield, all without paying Plaintiff for such use. (*See* Doc. 16 at ¶¶ 6, 16–18.) Plaintiff alleges that all three defendants created at least fifteen unlicensed, physical and digital copies of the maps, used them to begin construction of subdivisions, and to create "unlicensed derivative works of the maps to create construction drawings, water systems, grating and sewers." (*Id.* at ¶¶ 18–21.) Plaintiff intends to hold all defendants liable for *both* direct and contributory copyright infringement.[3] (*See id.* at 1, 5.) This is insufficient to conclude that the FAC is "largely incomprehensible." *Dougherty*, 177 F. Supp. 3d at 1253 (quoting *Friedman v. Zimmer*, No. CV 15-502 GHK, 2015 WL 6164787, at *2 (C.D. Cal. July 10, 2015)); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.") (internal quotation marks and citation omitted). Deertrail can obtain more specific information during discovery. Deertrail's motion is **DENIED** on this basis.

///

---

[3] Though, as discussed in greater detail below, the Court agrees with Defendant that part of Plaintiff's contributory copyright infringement claim is "circular." *See infra*. This, however, is not a basis to conclude that Plaintiff's FAC failed to satisfy Rule 8's pleading requirements.

B.     Ownership of Copyright Registrations

Deertrail also attacks the validity of Plaintiff's copyright registrations for two reasons. (Doc. 21-1 at 9–14.)[4]

*i.     Prima Facie Evidence of Ownership*

"To state a claim for copyright infringement against [Deertrail], [Adavco] must show that (1) [it] owns a valid copyright in [the tract maps], and (2) [Deertrail] copied protected aspects of [its] work." *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 940 (9th Cir. 2023) (citation omitted). "The owner of an original work has a copyright 'immediately upon the work's creation,'" and the "Copyright Act's registration requirement does not impose a heavy burden on the copyright owner." *Enter. Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, 73 F.4th 1048 (9th Cir. 2023) (quoting *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019)). Title 17 U.S.C. § 410 prescribes that "[i]n any judicial proceedings[,] the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *See also Construx Software*, 73 F.4th at 1056–57.

Deertrail attacks Plaintiff's ownership of each copyright, arguing that because each map is signed on August 22, 2008, this is not as prima facie evidence that Adavco owns the copyrights at issue in this case, particularly because they did not become effective for more than 13 years thereafter. (Doc. 21-1 at 10.) The Court agrees. Tract 6860 is signed on August 19, 2008 by Robert E. Smith and again on August 22, 2008 by James D. Movius. (*See* Ex. A, Doc. 16-1 at 2.) Tract 6859 is signed by Robert E. Smith on July 31, 2006. (Ex. B, Doc. 16-2 at 2.) Both copyright registrations have stamped "effective dates" of May 12, 2022. (*See* Exs. C & D, Docs. 16-3 at 2, 16-4 at 2.)[5] On the other hand, the second clause in Section 410(c) details: "The evidentiary *weight* to be accorded the certificate of a registration made thereafter shall be within

---

[4] Contrary to Plaintiff's objections (Doc. 22 at 4–5), and Defendant's invocation of the incorporation-by-reference doctrine in its Reply, (Doc. 24 at 9), the Court may review Plaintiff's copyright registrations simply because they are "submitted with and attached to the Complaint." *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020)

[5] However, the Court notes that it appears Plaintiff simply attached the incorrect registration for Tract 6860 in its Exhibit C, as this registration is for "Plans for Tract 6850." (Ex. C, Doc. 16-3 at 2 (emphasis added).)

6

the discretion of the court." 17 U.S.C. § 410(c) (emphasis added).

Because the Court does not weigh evidence on a motion to dismiss, the allegation of the copyright ownership, as supported by the registration is sufficient. *See, e.g.*, *Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791, 805 (N.D. Cal. 2023) ("Given the Court's holding on the sufficiency of the copyright ownership allegations, as discussed below, it need not address the parties' arguments regarding the statutory presumption of validity based on—and discretionary weight given to—Plaintiff's registration certificates."); *Erdelyi and Assocs. v. Optimum Seismic, Inc.*, No. 2:20-cv-110660JVS-GJSx, 2021 WL 4775635, at *3 (C.D. Cal. July 1, 2021) ("This provision speaks to the certificate's <u>evidentiary weight</u>, which is not considered at the pleading stage.") (emphasis in original); *Indio Prods., Inc. v. Brybradan, Inc.*, No. CV 16-05067-BRO (Ex), 2016 WL 11744980, at *5 (C.D. Cal. Dec. 28, 2016) ("While Plaintiff bears the ultimate burden of proof to establish that the identity of the underlying copyrights and its ownership of those copyrights, [citation], at the pleading stage, the Court finds that the deficiencies Defendant identifies do not prevent Plaintiff's copyright infringement claim from proceeding.") (internal citation omitted). "[A]t this stage in the litigation, a plaintiff's failure to register certain works within five years after the work's initial publication does not warrant dismissal of this claim." *Optimum Siesmic*, 2021 WL 4775635, at *3 (collecting cases). The Court **DENIES** Deertrail's motion on this basis.[6]

###         ii.   Work Made for Hire

Deertrail attacks Plaintiff's registration certificates as a work made for hire. (Doc. 21-1 at 11–14.) Deertrail asserts that "Adavco's FAC contradicts representations it made to the U.S. Copyright Office about the manner in which Adavco supposedly came to own the copyrights in" both tract maps: on the one hand, "each certificate states[] that the 'Author' of its underlying map was 'Adavco, Inc.,' which created the map as a 'work made for hire,'" and on the other hand,

---

[6] Defendant also asserts that "several state statutes require public disclosure of subdivision maps during the process of approval," so that "the Court should ***not*** infer that Tentative Tract Map Nos. 6860 and 6859 remained unpublished within five years of the asserted registration certificates' issue dates and are entitled to the grace period permitted by" Section 410(c). (Doc. 21-1 at 11 (internal footnote and citations omitted) (emphasis in original).) However, even if published in 2006 or 2008, the Court cannot, at this juncture, determine the validity of the registration certificates.

"[t]he FAC pleads that Adavco 'commissioned two copyright protected tract maps' . . . indicating that it obtained the asserted maps from a third party." (*Id.* at 11–12.)  Since the maps are attributed to "SmithTech USA, Incorporated," and "[t]here are no allegations that SmithTech somehow acted as Adavco's employee," Deertrail surmises that "SmithTech created the asserted maps as an independent contractor of Adavco." (*Id.* at 13.) Consequently, Plaintiff failed "plead the existence of any written instrument (like a copyright assignment agreement) with SmithTech . . . transferring SmithTech's initial ownership of the 'commissioned' maps' copyrights to Adavco, the FAC fails to plausibly establish ownership of them by way of a transfer from the maps' original owner." (*Id.* at 13–14.)

The Court recognizes that Adavco alleges that the maps were "commissioned" and recognizes that the registration certificates acknowledge the maps are "Work[s] made for hire." (Ex. C, Doc. 16-3 at 2; Ex. D, Doc. 16-4 at 2.) The Copyright Act defines, "A 'work made for hire' is -- . . . (2) A work specially ordered *or commissioned* for use as a contribution to a collective work . . ." 17 U.S.C. § 101 (emphasis added); *see also Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 738 (1989). "Section 101 plainly creates two distinct ways in which a work can be deemed for hire: one for works prepared by employees, the other for those specially ordered or commissioned works which fall within one of the nine enumerated categories and are the subject of a written agreement." *Reid*, 490 U.S. at 741. "If the work is for hire, 'the employer or other person for whom the work was prepared is considered the author' and owns the copyright, unless there is a written agreement to the contrary."  *Reid*, 490 U.S. at 737 (quoting 17 U.S.C. § 201(b)); *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010) ("§ 101 is designed to establish ownership of a work as between a commissioning party or employer on the one hand and the commissioned party or employee on the other."); *Twentieth Century Fox Film Corp v. Ent. Distrib.*, 429 F.3d 869, 881 (9th Cir. 2005) ("Where we determine that a work was produced at the instance and expense of another party . . . the copyright lies *ab initio* with the commissioning party.") (citation omitted).

Adavco has pleaded that it paid for and commissioned the tract maps at issue in this case, and its registration certificates appear to support its allegations in noting that the maps were made

8

1    for hire.  Though Plaintiff did not specify the relationship between it and the party it

2    commissioned (whether, in fact, that was SmithTech), Plaintiff did not need to do so. Likewise,

3    Plaintiff need not allege a "written instrument" transferred ownership of the copyright—because

4    the certificates state that the maps were authored by Adavco and made on a "for hire" basis and

5    that Adavco is the "Copyright Claimant." This is sufficient to allege the copyright lies with

6    Adavco.  (Exs. C & D, Docs. 16-3 at 2, 16-4 at 2; *see also Reid*, 490 U.S. at 737; *Twentieth*

7    *Century Fox*, 429 F.3d at 881; *see also Indio Prods.*, 2016 WL 11744980, at *5 ("Plaintiff has

8    pleaded facts establishing that the work-for-hire presumption applies, and thus, that Plaintiff owns

9    the copyrighted images.").  Deertrail's motion is **DENIED** on this basis.

10           C.      Direct Infringement: Protectable Aspects

11           Deertrail asserts that Plaintiff failed to show Deertrail copied protected aspects of its

12   maps.  *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 940 (9th Cir. 2023).  To begin, Deertrail

13   acknowledges that the maps are copyrightable subject matter.[7]  (Doc. 21-1 at 14.)  Even still

14   Deertrail avers that Adavco failed to "plausibly allege that Deertrail copied protectable, non-

15   standard elements of those maps" and failed to show that the copied maps and Adavco's maps are

16   "substantially similar" when analyzed for their "extrinsic and intrinsic components[.]" (Doc. 21-1

17   at 14–16 (internal quotation marks omitted).)  For instance, in Deertrail's view, "the FAC states

18   in no more than conclusory terms that defendants 'have created' reproductions [citation] and

19   derivative works [citation] of the asserted maps *in their entireties*.  But nowhere does the FAC

20   point out the allegedly protectable elements of the maps that Deertrail supposedly copied despite

21   several limiting doctrines making certain elements uncopyrightable, . . ." (*Id.* at 15 (emphasis in

22   original).)  Such pleading deficiencies are supported by the fact that "not one example of an

23   allegedly infringing copy is attached to the FAC."  (*Id.* at 16.)

---

[7] Deertrail looks to the Copyright Act's protection of "architectural works."  (Doc. 21-1 at 14.)  As a preliminary matter, maps are copyrightable subject matter under 17 U.S.C. § 102, because they are "pictorial, graphic, and sculptural works."  17 U.S.C. § 102(5); *id.* § 101 ("'Pictorial, graphic, and sculptural works' include . . . prints and art reproductions, *maps*, globes, charts, diagrams, models, and technical drawings, including architectural plans.") (emphasis added); *see also Del Madera Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987) ("The Tentative Map itself falls within the category of pictorial, graphic, and sculptural works."), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Though Adavco could have done so, it was no required to attach an "allegedly infringing copy" of the maps to its FAC. "At the motion to dismiss stage, the question is whether the plaintiff has *plausibly alleged* substantial similarity between the original work and the allegedly infringing work." *Hanagami*, 85 F.4th at 935 (emphasis added); *see also APL Microscopic, LLC v. Steenblock*, No. 21-55745, 2022 WL 4830687, at *1 (9th Cir. Oct. 3, 2022) (copyright case: "[E]vidence is not required at the motion to dismiss stage.") (citing *Twombly*, 550 U.S. at 570).

"To demonstrate the second prong—that [Deertrail] copied protected aspects of [Adavco's] work—[Plaintiff] must plausibly allege both (1) copying and (2) unlawful appropriation." *Hanagami*, 85 F.4th at 941 (citation omitted); *Skidmore v. Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020 (en banc). Deertrail does not appear to dispute the FAC's allegations of "copying," and instead, disputes only the latter element. (*See* Doc. 21-1 at 14–16.)

                i.      *Substantial Similarity*

"[A] defendant cannot be held liable for copying only 'ideas' or 'concepts' from a plaintiff's work. Instead, to be liable for copyright infringement, a defendant must copy enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" *Hanagami*, 85 F.4th at 941 (citation omitted); *Skidmore*, 952 F.3d at 1064. There is "a two-part test to assess substantial similarity": (1) the extrinsic test, which "assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression"; and (2) the intrinsic test, which tests for similarity of expression from the standpoint of an ordinary, reasonable observer. *Hanagami*, 85 F.4th at 941 (internal quotation marks and citations omitted). When evaluating a motion to dismiss, "[d]istrict courts apply only the extrinsic test at the pleadings stage[.]" *Id.*; *Gregorini v. Apple Inc.*, No 20-55664, 2022 WL 522307, at *1 (9th Cir. Feb. 22, 2022) ("The extrinsic test, which is the only test relevant in reviewing the district court's ruling on a motion to dismiss, . . .") (internal quotation marks and citation omitted). The Court notes that copyright plaintiffs do not face a high bar in pleading substantial similarity under the extrinsic test. *See Masterson v. Walt Disney Co.*, 821 F. App'x 779, 781 (9th Cir. 2020) ("We explained in *Rentmeester v. Nike, Inc.* that a motion to dismiss is proper when 'nothing disclosed during discovery could alter the fact that the allegedly infringing

1   works are as a matter of law not substantially similar.'") (quoting *Rentmeester v. Nike, Inc.*, 883
2   F.3d 1111, 1123 (9th Cir. 2018)); *Gregorini*, 2022 WL 522307, at *1 ("Dismissal at the pleading
3   stage is appropriate when as a matter of law the similarities between the two works are only in
4   uncopyrightable material or are de minimis.") (quoting 3 William F. Patry, Patry on Copyright
5   § 9:86.50 (2021)); *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1021 (C.D.
6   Cal. 2022) ("[T]he court observes that, in some situations, the Ninth Circuit disfavors dismissals
7   on the ground of substantial similarity at the Rule 12(b)(6) stage[.]") (internal quotation marks
8   and citation omitted).

9         Read in the light most favorable to Adavco, *In re Facebook, Inc. Internet Tracking Litig.*,
10  956 F.3d 589, 601 (9th Cir. 2020), the FAC appears to allege that defendants used, essentially,
11  exact replicas or reproductions of its maps.[8]  (*See* Doc. 16 at ¶ 1 ("[S]everal developers and
12  individuals continue to use *the maps* without a license.") (emphasis added), ¶ 6 ("Deertrail,
13  without a license from Adavco, *used the tract maps* 6860 and 6859 . . .") (emphasis added), ¶ 7
14  ("New Gen . . . uses *the* Tract 6860 and 6859 copyrighted maps without a license . . .") (emphasis
15  added), ¶ 10 (Defendants "have created photographic, paper, digital, and physical, unlicensed
16  *copies* of a residential subdivision in Bakersfield, California.") (emphasis added).)  What is more,
17  Plaintiff alleges that defendants are using "a tangible embodiment of the subdivision design of
18  Adavco's tract maps," (*id.* at ¶ 11), making "at least fifteen unlicensed reproductions of the tract
19  maps." (*Id.* at ¶ 19.)  Defendants allegedly "created unlicensed derivative works of the maps to
20  create construction drawings, water systems, grating, and sewers." (*Id.* at ¶ 18.)

21        When a defendant uses an "exact replica" of a plaintiff's copyrighted material, this
22  satisfies the extrinsic, substantial similarity test.  *See Dr. Seuss Enters., L.P. v. ComicMix LLC*,
23  553 F. Supp. 3d 803, 816–19 (S.D. Cal. 2021) (an "exacting replication of iconic illustrations"
24  from copyrighted works satisfied objective extrinsic test); *City of Carlsbad v. Shah*, 850 F. Supp.
25  2d 1087, 1100 (S.D. Cal. 2012) ("Shah used an exact replica of the City's Logo on his business
26  cards.  Shah has admitted, and it is obvious from the side-by-side comparison, that Shah's

---

[8] "'Literal' copying is verbatim copying of original expression." *Lilith Games (Shanghai) Co. v. UCool, Inc.*, No. 15-CV-01267-SC, 2015 WL 5591612, at *5 n. 7 (N.D. Cal. Sept. 23, 2015).

1   Marbrisa logo and the City's Logo are identical in all respects except for the replacement of the
2   word 'Carlsbad' with the word 'Marbrisa.'"); *see also Klauber Bros., Inc. v. Roma Costumes,*
3   *Inc.*, No. 2:22-cv-04425-MEMF (MARx), 2023 WL 3903908, at *3 (C.D. Cal. June 7, 2023)
4   (declining to adopt the argument that plaintiff "must describe, in words, the similar or same
5   elements between the Subject Design and exemplar of the Infringing Product."). Plaintiff has not
6   alleged that defendants' copies of its maps have any significant variations from its own.
7   *Compare Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 818 (9th Cir. 2003) ("Although Arriba made
8   exact replications of Kelly's images, the thumbnails were much smaller, lower-resolution images
9   that served an entirely different function than Kelly's original images. . . Arriba's use of Kelly's
10  images in the thumbnails is unrelated to any aesthetic purpose.") *with McIntosh v. N. Cal. Univ.*
11  *Enters. Co.*, 670 F. Supp. 2d 1069, 1089 (E.D. Cal. 2009) (summary judgment context: "[T]he
12  insignificant differences noted by Mr. McIntosh raise factual issues as to substantial similarity to
13  prohibit summary judgment for defendants, especially given Tentative and Final Maps 6451's
14  need to conform to the prior MM improvement plans") (citation omitted).  The Court concludes
15  that Plaintiff has adequately pleaded that defendants' copies of Plaintiff's maps are substantially
16  similar because they are, as pleaded, exact physical and digital copies, using an identical
17  subdivision design.  (Doc. 16 at ¶¶ 10–11.)

    ii.  *Filtering Non-Protectable Elements*

19    Deertrail asserts that the FAC fails to "filter out and disregard the non-protectable
20  elements when alleging that" Deertrail's copies are substantially similar to the "protectable
21  elements" of the two maps.  (Doc. 21-1 at 15 (internal quotation marks and citation omitted); *id.*
22  ("[N]owhere does the FAC point out the allegedly protectable elements of the maps that Deertrail
23  supposedly copied[.]").)

24    "To apply the extrinsic test, courts must first distinguish between protectable and
25  unprotectable elements, and ask only whether the protectable elements in two works are
26  substantially similar." *Hanagami*, 85 F.4th at 942 (cleaned up) (internal quotation marks and
27  citation omitted).  "This process is referred to as 'filtering.'" *Id.*  However, it is long-established
28  "that certain types of works can be dissected into protected and unprotected elements more

1   readily than others," and the Court "employ[s] a 'selection and arrangement' approach to assess
2   substantial similarity." *Id.* (cleaned up) (internal quotation marks and citations omitted). "This
3   approach protects the *particular* way in which the artistic elements form a coherent pattern,
4   synthesis, or design." *Id.* (emphasis in original) (internal quotation marks, footnote, and citation
5   omitted).

6       Unlike comparing photographs or choreography, *see id.*, maps are more readily dissectible
7   to filter out the protected versus unprotected aspects. For instance, maps are *per se* protected
8   copyright subject matter, 17 U.S.C. §§ 102(a)(5), 101, and "it is well-settled that copyright of a
9   map does not give the author an exclusive right to the coloring, symbols, and key used in
10  delineating boundaries of and locations within the territory depicted." *Gray v. Hudson*, 28 F.4th
11  87, 101 (9th Cir. 2022) (internal quotation marks and citation omitted); *see also United States v.*
12  *Hamilton*, 583 F.2d 448, 452 (9th Cir. 1978) ("The early cases recognized that the elements of the
13  copyright (in a map) consist in the selection, arrangement, and presentation of the component
14  parts.") (internal quotation marks and citation omitted). Ultimately, "the elements of authorship
15  embodied in a map consist not only of the depiction of a previously undiscovered landmark or the
16  correction or improvement of scale or placement, *but also in selection, design, and synthesis*."
17  *Hamilton*, 583 F.2d at 452 (emphasis added) (footnote omitted). The mere copying of "the outline
18  of the United States and the boundaries of each state cannot be said to involve any element of
19  original choice or arrangement." *Id.* at n. 5 (citation omitted); *Christianson v. W. Pub. Co.*, 149
20  F.2d 202, 203 (9th Cir. 1945) ("The outline of the United States with state boundaries is in the
21  public domain and is not copyrightable.[] Thus, all that originated with appellant was the idea of
22  illustrating appellee's Reporter System by map, and his own particular arrangement and color
23  scheme.") (internal footnote omitted).

24      Whether Plaintiff's tract maps fall under the Copyright Act's purview as "maps," "charts,"
25  "models" or "technical drawings," etc. is of no import. 17 U.S.C. § 101 ("Pictorial, graphic, and
26  sculptural works"). The Court need not conduct any "filtering" at this procedural juncture because
27  the FAC sufficiently alleges that Plaintiff's tract maps have done more than simply outline the
28  residential development of these two Bakersfield communities. (*See generally* Doc. 16; Exs. A &

B, Docs. 16-1 at 2, 16-2 at 2.) Plaintiff does not claim that the maps' colors, symbols, and keys are protectable, *Gray*, 28 F.4th at 101, but the FAC makes clear that the maps' arrangements and *designs* have been infringed. *Hamilton*, 583 F.2d at 452. This is sufficient at the pleading stage. Deertrail's motion (Doc. 21) is **DENIED** as to Plaintiff's first cause of action.

### D.  Contributory Copyright Infringement

Plaintiff's FAC alleges that "all defendants knowingly and materially contributed to and induced Deertrail's infringing conduct of plaintiff's maps." (Doc. 16 at ¶ 29.) Deertrail urges that these "allegations are circular as to Deertrail, which by definition cannot contribute to direct infringement by itself," and moreover, are insufficient because they are "nothing more than a recitation of one element" of the claim. (Doc. 21-1 at 17.) Regarding Plaintiff's inducement theory, Deertrail asserts that Plaintiff "fails to allege any facts going to the first, third, and fourth elements of inducement." (*Id.* at 19.) Plaintiff does not meaningfully respond to these points, and instead, merely re-quotes its own FAC. (Doc. 22 at 6–7.)

"A party engages in contributory copyright infringement when it (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 831 (9th Cir. 2019) (internal quotation marks and citation omitted). This claim in particular "require[s] knowledge of specific infringers or instances of infringement." *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1001 (9th Cir. 2023) (citation omitted). This presents a high bar: "the knowledge required is more than a generalized knowledge . . . of the possibility of infringement because contributory liability does not automatically follow where the system allows for the exchange of copyrighted material." *ALS Scan, Inc. v. Steadfast Networks, LLC*, 819 F. App'x 522, 524 (9th Cir. 2020) (cleaned up) (quotation marks omitted) (quoting *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013)). "[A]ctual knowledge of *specific* acts of infringement is required." *Id.* (emphasis in original) (quotation marks omitted) (quoting *Luvdarts*, 710 F.3d at 1072).

The FAC fails to set forth more than a threadbare recitation of the elements of this claim, coupled with generalized, legal conclusions. The FAC alleges, in circular fashion regarding Deertrail, that "all defendants knowingly and materially contributed to and induced" Deertrail's

14

copyright infringement, and in conclusory fashion, that they "induced infringement through their copying, distribution, and attempted recording of the tract maps." (Doc. 16 at ¶¶ 29–30.) But these are legal conclusions and Plaintiff has not shown *how* the other Defendants knew of Deertrail's infringement, nor *how* they induced Deertrail's copyright infringement. Plaintiff may not rest its claims on a mere recitation of the elements for this claim nor legal conclusions. *Doe I v. Cisco Sys., Inc.*, 73 F.4th 700, 713 (9th Cir. 2023) ("Although a reviewing court must accept a complaint's factual allegations as true, the same is not true of legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (cleaned up) (internal quotation marks and citation omitted); *Ludvarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) ("Ludvarts fails to allege that the Carriers had the requisite specific knowledge of infringement. Ludvarts's conclusory allegations that the Carriers had the required knowledge of infringement are plainly insufficient.") (citing *Iqbal*, 556 U.S. at 678); *see also YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 764 (N.D. Cal. 2021) (same). Accordingly, the Court **GRANTS** Deertrail's motion to dismiss Plaintiff's second cause of action and **DISMISSES** Plaintiff's second cause of action for contributory copyright infringement.

### E. Leave to Amend

The Ninth Circuit has admonished district courts to *sua sponte* determine whether leave to amend should be granted. *See Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022). Courts have broad discretion to grant leave to amend a complaint. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). Generally, Rule 15 advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether a plaintiff should be granted leave to amend, the Court considers "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814–15 (9th Cir. 2020) (internal quotation marks and citation omitted). Furthermore, "the district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint."

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citation omitted); *see also Becker v. Wells Fargo Bank*, 672 F. App'x 660, 663 (9th Cir. 2016).

Though Plaintiff has filed an amended Complaint already, it did so in response to Defendant's first round of motion to dismiss briefing and in response to a court order. (Docs. 11, 16; *e.g.*, *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 231 (N.D. Cal. 2019).)  Accordingly, this Order serves as notice to Plaintiff of the deficiencies in its Complaint—namely, its legal conclusions and threadbare recitation of elements for its contributory copyright infringement claim. *Yetter*, 428 F. Supp. at 231.  Because it does not appear futile for Plaintiff to amend the pleading once more, the Court **GRANTS** Plaintiff one final opportunity to state a claim for contributory copyright infringement.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is **ORDERED** that:

(1) Deertrail's Motion to Dismiss (Doc. 21) is **GRANTED IN PART AND DENIED IN PART**.

(2) The Motion to Dismiss for Plaintiff's direct copyright infringement claim is **DENIED**.

(3) The Motion to Dismiss Plaintiff's second cause of action for contributory copyright infringement is **GRANTED** and this claim is **DISMISSED WITH LEAVE TO AMEND**.

(4) **Within 21 days**, Plaintiff may file a Second Amended Complaint.  Failure to timely file an amended Complaint indicates to the Court that Plaintiff wishes to continue litigation based on its current Complaint.

IT IS SO ORDERED.

Dated:   **September 6, 2024**

UNITED STATES DISTRICT JUDGE

16