# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAVCO, INC, <br><br> Plaintiff, <br><br> v. <br><br> DEERTRAIL DEVELOPMENT LLC; NEW GEN ENGINEERING GROUP, INC.; and MCINTOSH & ASSOCIATES ENGINEERING, INC., <br><br> Defendants. | No. 1:23-cv-00695-JLT-SKO <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE** <br><br> **(Doc. 50)** <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR AN EXTENSION** <br><br> **(Doc. 53)** |

Pending before the Court is Plaintiff Adavco, Inc., ("Plaintiff")'s Motion to Compel New Gen Engineering Group, Inc. ("Defendant New Gen") to attend a Rule 36 deposition. (Doc. 50). On September 3, 2024, Defendant filed a motion for a five-day extension of time to file its opposition. (Doc. 53). For the reasons set forth below, Plaintiff's motion will be denied without prejudice and Defendant's motion will be denied as moot.

## I.   BACKGROUND

Plaintiff filed a First Amended Complaint on June 23, 2023. (Doc. 16.) In its complaint, Plaintiff alleges Defendants McIntosh, Deertrail Development LLC ("Defendant Deertrail"), and New Gen Engineering Group, Inc. copied and used Plaintiff's copyrighted tract maps to develop a residential subdivision in Bakersfield, California. (Doc. 16.) Plaintiff asserts two claims for copyright infringement and seeks injunctive relief, actual damages, statutory damages, and

1  attorney's fees and costs.  (*Id.*)

2  On May 30, 2024, Plaintiff noticed Defendant for a deposition pursuant to Fed. R. Civ. P. 30(b)(6).  (Doc. 50-2).  Plaintiff scheduled the deposition for July 3, 2024, at Plaintiff's attorney's office, the day after the Rule 30(b)(6) deposition for defendant McIntosh & Associates Engineering, Inc.  (Doc. 50 at 5).  Brandon Martin, the attorney for Defendant New Gen, attended the deposition.  (*Id.*).  During a break in the deposition, Plaintiff's counsel asked Mr. Martin if Defendant New Gen would produce a witness for its deposition set for the next day.  (Doc. 50-1 at 2).  Mr. Martin stated Defendant New Gen would not produce a witness for the deposition, and the next day, no witness attended the deposition.  (*Id.*).  Defendant New Gen did not file or obtain a protective order to delay or cancel the deposition.  (*Id.*).

Plaintiff filed the present motion on July 30, 2024.  (Doc. 50).  In the motion, Plaintiff alleges a "complete and total failure to respond to a discovery request or order" under Local Rule 251, subdivision (e)(1), which Plaintiff contends exempts the parties from filing a Joint Statement.  (Doc. 50 at 6).  Plaintiff seeks (1) to compel the Defendant New Gen to attend a properly noticed Rule 30(b)(6) deposition, and (2) a total of $5,295, which it states is "reasonable expenses incurred in making the motion, including attorney's fees."  (Doc. 50 at 6).

## II.   DISCUSSION

Pursuant to E.D. Cal. Local Rule 251, a motion to compel shall not be heard unless "(1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement."  L.R. 251(b).  If the moving party is still dissatisfied after the conference of counsel, they are required to draft and file a "Joint Statement re Discovery Disagreement," (a "Joint Statement") signed by all parties concerned with the discovery motion, specifying several matters outlined in the Local Rule.  L.R. 251(c).  A moving party, however, is exempted from filing a Joint Statement "(1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions."  L.R. 251(e).

Plaintiff has not established that it met and conferred with Defendant New Gen to attempt to resolve their differences before filing the instant motion, and therefore, the motion is facially

deficient. Plaintiff contends they have satisfied this requirement by stating the following:

> On July 2, 2024, I took the deposition of defendant McIntosh & Associates Engineering under FED. R. CIV. P. 30(b)(6), Brandon Martin, New Gen's attorney attended. He and I discussed New Gen's attendance at its deposition on July 3, 2024. Mr. Martin told me that no witness for New Gen would attend the July 3, 2024, deposition. I told him that without a protective order, the rules require New Gen to attend. He refused to change his position.
>
> After Mr. Martin's confirmed no New Gen witness would attend its deposition, I cancelled the court reporter.

(Doc. 50-1 at 2-3). Plaintiff's statements above do not constitute a meaningful effort to meet and confer to *resolve* the discovery dispute. Plaintiff has not established it took any actions after the deposition to contact Defendants to discuss (1) whether Defendants would be amenable to re-setting the deposition, or (2) the parties' respective positions on whether Defendant was required to sit for the deposition. In short, Plaintiff has not established that it communicated with Defendant at all after the missed deposition. Under the local rules of this Court, a party must confer or attempt to confer with the opposing party to resolve a discovery dispute before filing a motion to compel, even if the nonmoving party completely and totally fails to respond to a discovery request or order.[1] Fed. R. Civ. P. 37(a)(1); *see* Local Rule 251(b). Because Plaintiff failed to do so before filing the motion to compel, the Court must deny it on that basis alone.[2]

It is also unclear whether the parties have held their Rule 26(f) conference or if the parties have stipulated to early discovery. Unless there is a stipulation where the parties have agreed to early discovery (and the Court is not aware of one), or the parties have held their Rule 26(f) conference, there is no obligation by any party to respond to discovery. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). To the extent Plaintiff is seeking to compel Defendant New Gen to provide discovery before a Rule 26(f) conference, such

---

[1] Plaintiff alleges Defendant New Gen's actions amount to a "complete and total failure" to respond to a discovery request under the Local Rules. Because the parties have failed to meet and confer regarding the dispute, the Court makes no findings on whether Defendant's actions amount to a complete and total failure to respond under Rule 251, which would exempt Plaintiff from filing a Joint Statement.

[2] Because the Court will deny Plaintiff's Motion to Compel (Doc. 50), Defendant New Gen's Motion for an Extension of Time to File its Opposition (Doc. 53) is DENIED as moot.

1  request will be denied. Without a stipulation, Plaintiff may obtain early discovery under Rule
2  26(d) only by court order upon a showing of good cause. *See, e.g., Roadrunner Intermodal Servs.,*
3  *LLC v. T.G.S. Transportation, Inc.,* Case No. 1:17-cv-01056-DAD-BAM, 2017 WL 3783017, at
4  *3 (E.D. Cal. Aug. 31, 2017); *Apple Inc. v. Samsung Elecs. Co.,* 768 F. Supp. 2d 1040, 1044 (N.D.
5  Cal. 2011); *In re Countrywide Fin. Corp. Derivative Litig.,* 542 F. Supp. 2d 1160, 1179 (C.D. Cal.
6  2008). "Good cause may be found where the need for expedited discovery, in consideration of the
7  administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v.*
8  *Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

### III. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's Motion to Compel (Doc. 50) is DENIED WITHOUT PREJUDICE, and Defendant's Motion for an Extension of Time (Doc. 53) is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **September 9, 2024**                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE