# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAVCO, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEERTRAIL DEVELOPMENT LLC; NEW GEN ENGINEERING GROUP, INC.; and MCINTOSH & ASSOCIATES ENGINEERING, INC.,<br><br>　　　　　　Defendants.<br>_____/ | Case No. 1:23-cv-00695-JLT-SKO<br><br>**ORDER VACATING HEARING AND GRANTING DEFENDANT MCINTOSH & ASSOCIATES ENGINEERING INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE CROSSCLAIM**<br><br>(Doc. 61) |

Plaintiff Adavco, Inc. ("Plaintiff") is a development firm based in Bakersfield, California that assists builders throughout the state "by advising, designing, and commissioning [highly coveted] tract maps for use with real estate development projects." (Second Amended Complaint, Doc. 57 at ¶ 6.) It brings this action against Defendants Deertrail Development, LLC ("Deertrail"), New Gen Engineering, Inc. ("New Gen"), and McIntosh and Associates Engineering, Inc. ("McIntosh") for their alleged direct and contributory copyright infringement of two of Plaintiff's copyrighted maps. (*See id.*)

Pending is Defendant McIntosh's motion for leave to file a crossclaim against its co-party Defendant New Gen, set for hearing on November 20, 2024. (Docs. 61, 63.) Defendant Deertrail filed a statement of non-opposition to the motion on October 30, 2024. (Doc. 64.) Neither Plaintiff nor Defendant New Gen filed an opposition to the motion. Accordingly, Defendant McIntosh's motion is deemed unopposed. E.D. Cal. L.R. 230(c).

Federal Rule of Civil Procedure 13(g) governs the filing of a crossclaim and states in pertinent part that: "A pleading may state as a crossclaim any claim by one party against a coparty if the claim

arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g).  Rule 13(g) does not set forth a time limit for filing a crossclaim.

As Defendant McIntosh has not yet filed a responsive pleading directed to the operative Second Amended Complaint,[1] the Court finds, in its discretion, that Defendant McIntosh may file a pleading stating its crossclaim against Defendant New Gen.  No party objects to the filing of such crossclaim, which is permitted by Rule 13(g) and will further judicial economy.  *See Favors v. Cuomo*, 881 F. Supp. 2d 356, 373 (E.D.N.Y. 2012) ("Rule 13(g) is to be construed liberally so as to 'avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps . . . in order to settle as many related claims as possible in a single action.'") (quoting Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 1431, at 229–30 (3d ed. 2011)).

Accordingly, IT IS HEREBY ORDERED THAT:

Defendant McIntosh and Associates Engineering, Inc.'s unopposed motion for leave to file a crossclaim (Doc. 61) is GRANTED.  Within seven (7) days of the date of this Order, Defendant McIntosh shall file its crossclaim against Defendant New Gen Engineering, Inc., along with a responsive pleading directed to the Second Amended Complaint (Doc. 57).

The hearing on the motion, set for November 20, 2024, is VACATED.

IT IS SO ORDERED.

Dated:  **November 5, 2024**              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court observes that Defendant McIntosh's responsive pleading is late: it was due 14 days after service of the Second Amended Complaint, or October 9, 2024. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.")  Given the lack of opposition to the motion for leave, however, the Court *sua sponte* shall permit Defendant McIntosh to file a responsive pleading out of time, along with its crossclaim.

Moreover, given that Defendant McIntosh has not yet filed a responsive pleading that is subject to amendment, its reliance in its motion on Rule 15(a)—which governs the amendment of operative pleadings—is misplaced.  (*See* Doc. 61 at 6 (citing Fed. R. Civ. P. 15(a)(2)).)