# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAVCO, INC., <br><br>             Plaintiff, <br><br>     vs. <br><br> DEERTRAIL DEVELOPMENT LLC; NEW GEN ENGINEERING GROUP, INC.; and MCINTOSH & ASSOCIATES ENGINEERING, INC., <br><br>             Defendants. <br> _____/ | Case No. 1:23-cv-00695-JLT-SKO <br><br> **ORDER VACATING HEARING AND GRANTING DEFENDANT MCINTOSH & ASSOCIATES ENGINEERING, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT** <br><br> (Doc. 72) |

Presently before the Court is the motion of Defendant McIntosh & Associates Engineering, Inc. ("McIntosh") to set aside the Clerk's entry of default, filed December 4, 2024. (Doc. 72.) On December 13, 2024, Plaintiff Adavco, Inc. filed an opposition to the motion. (Doc. 74.) Defendant McIntosh replied on December 30, 2024. (Doc. 77.)

The Court finds the motion suitable for determination on the papers submitted and without oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the hearing set for January 15, 2025, will be vacated. For the reasons set forth below, the motion to set aside the Clerk's entry of default against Defendant McIntosh will be granted.

## I.   BACKGROUND

On September 25, 2024, in response to the Court's order granting Defendant Deertrail Development LLC ("Deertrail")'s second motion to dismiss with leave to amend (*see* Doc. 54), Plaintiff filed its Second Amended Complaint, the operative pleading. (Doc. 57.) According to

Plaintiff, Defendants McIntosh, Deertrail, and New Gen Engineering Group, Inc. ("New Gen") copied and used Plaintiff's copyrighted tract maps to develop a residential subdivision in Bakersfield, California. (*Id*.) Plaintiff asserts two claims for copyright infringement and seeks injunctive relief, actual damages, statutory damages, and attorney's fees and costs. (*Id*.)

Service of the Second Amended Complaint was made on Defendants through the Court's CM/ECF system upon its filing on September 25, 2024 (s*ee* Doc. 70-2). *See* Fed. R Civ. P. 5(b)(2)(E). Defendant McIntosh did not file a response to the amended complaint within 14 days after service, or October 9, 2024, as required by Fed. R. Civ. P. 15(a)(3). Instead, on October 16, 2024, Defendant McIntosh filed a motion for leave to file a crossclaim against its codefendant New Gen. (Doc. 61.)

On November 6, 2024, the Court granted Defendant McIntosh's motion granting leave to file a crossclaim, and also permitted Defendant McIntosh to file its responsive pleading out of time:

> The Court observes that Defendant McIntosh's responsive pleading is late: it was due 14 days after service of the Second Amended Complaint, or October 9, 2024. Given the lack of opposition to the motion for leave, however, the Court *sua sponte* shall permit Defendant McIntosh to file a responsive pleading out of time, along with its crossclaim.

(Doc. 67 at 2 n.1 (internal citation omitted).) Both Defendant McIntosh's crossclaim and its responsive pleading were due November 13, 2024. (*See id*. at 2.) It filed neither.

According to Defendant McIntosh's counsel, David Ericksen, he spoke with Plaintiff's counsel, Brian Tamsut, on November 22, 2024, regarding Defendant McIntosh's overdue responsive pleading. (Doc. 72-1, Declaration of David A. Ericksen ("Ericksen Decl.") ¶4.) Attorney Ericksen advised that "he would file an Answer by Monday [November 25, 2024]," and also explained that "(1) Priscilla Kim, who had been the day-to-day attorney on this case, had abruptly left the firm in October; (2) [he] had just switched to a new secretarial assistant, who was still coming up to speed on his files; and (3) [he is] in the middle of expert depositions and preparation for a December 2 trial, and have no associate help for that case." (*Id*.) At the conclusion of their conversation, Attorney Ericksen "understood" that Attorney Tamsut agreed to let Defendant McIntosh "file its Answer on Monday [November 25, 2024]." (*Id*. ¶ 5.)

At 3:55 PM PST Monday, November 25, 2024, Plaintiff requested that the Clerk of Court enter default against Defendant McIntosh (and Defendant New Gen) (Doc. 70), which were entered that next day (Doc. 71). According to the declaration by Attorney Tamsut in support of entry of default, he spoke with Attorney Ericksen on November 21, 2024, who advised him that Defendant McIntosh "would not answer the Second Amended Complaint." (Doc. 70-1, Declaration of Brian Tamsut ("Tamsut Decl.") ¶ 9.)

"Immediately" after receiving the Clerk's entry of default, Attorney Ericksen called Attorney Tamsut and asked if Plaintiff would stipulate to set aside the default. (Doc. 72-1, Ericksen Decl. ¶ 6.) Plaintiff refused to agree. (*Id*.)

Defendant McIntosh filed the instant motion to set aside default on December 4, 2024, claiming that the failure to file a timely answer was an "inadvertent oversight" by Attorney Ericksen and that Attorney Ericksen never told Attorney Tamsut that Defendant McIntosh would not answer the Second Amended Complaint. (Doc. 72; Doc. 72-1, Ericksen Decl. ¶ 7.)

## II.    DISCUSSION

**A.    Legal Standard**

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55(a) provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).[1]

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." The party seeking relief from the entry of default bears the burden of showing good cause to set aside the entry of default. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A court considers three factors

---

[1] As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55"); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

3

in determining whether good cause exists: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."[2] *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereafter, "*Mesle*") (modification in original) (quoting *Franchise Holding II, LLC*, 375 F.3d at 925–26).

Under this disjunctively framed standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091; *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may within its discretion grant relief from default even after finding one of the "good cause" factors to be true. *See, e.g., Brandt*, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but *need not*.") (emphasis added). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1.

Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring defaults. *See Mesle*, 615 F.3d at 1091 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible").

With the above principles in mind, the Court proceeds to consider Defendant McIntosh's

---

[2] This standard for setting aside entry of default under Rule 55(c) is the same as is used to determine whether a default *judgment* should be set aside under Rule 60(b). *See Mesle*, 615 F.3d at 1091.

request to set aside the Clerk's entry of default.

### B. Analysis

#### 1. Culpable Conduct

"Culpable conduct" occurs when a defendant had actual or constructive notice of the action and intentionally failed to answer. *Mesle*, 615 F.3d at 1092. "The term 'intentionally' means that a [defendant] cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the [defendant] must have acted with bad faith, such as 'an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *Id*. (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). A party "intentionally" fails to answer where such failure was willful, deliberate or in bad faith. *Id*. To the contrary, a party's negligent failure to respond, particularly where such failure is accompanied with a good faith explanation for the delay, does not constitute culpable conduct. *Id.* (reversing district court's decision denying the defendant's motion to set aside default because "simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors such as prejudice, weigh heavily in favor of denial of the motion). Simple carelessness does not rise to the level of culpable conduct. *Id.* at 1093.

Here, there is no evidence that Defendant McIntosh intentionally failed to respond to the Second Amended Complaint. Attorney Ericksen denies that he told Attorney Tamsut that Defendant McIntosh would not file an answer, which Plaintiff does not rebut in its opposition, and asserts that he has been "actively engaged in the defense of this case since" his retainer in September 2023. (Doc. 72 at 5.) The Court agrees, noting that Defendant McIntosh sought—and was granted—leave to file a crossclaim as recently as November 2024. (*See* Docs. 61, 67.)

Attorney Ericksen explains that instead of "any bad-faith conduct," Defendant McIntosh's failure to file a responsive pleading by the Court-enlarged deadline was due to his inadvertence caused by staffing issues and demands of trial preparation. (Doc. 72-1, Ericksen Decl. ¶ 4.)

Although the Court does not condone such conduct, without more, the Court will not impute bad faith to Defendant McIntosh based on Attorney Ericksen's oversights.[3]  *See, e.g., Hoch v. Mayberg*, No. 1:10-cv-2258-DLB-PC, 2012 WL 1158860, at *3 (E.D. Cal. Apr. 6, 2012) (finding good cause to set aside procedural default where it was "evident from the record that the delay in responding to Plaintiff's complaint was due to error by Defendants' counsel").  *See also Neev v. Abbott Med. Optics Inc.*, No. SACV 15-01992 JVS(JCGx), 2017 WL 11628868, at *3 (C.D. Cal. Apr. 3, 2017) ("The logistical issues that resulted in the calendaring error – including the acquisition of Shaub and Williams and the transitions amongst the paralegal staff and the attorneys – do not constitute actions of bad faith.").  Moreover, Attorney Ericksen reasonably relied on his belief, which Plaintiff does not controvert, that Attorney Tamsut had agreed that Defendant McIntosh could file its answer by the end of the day on November 25, 2024 (Doc. 72-1, Ericksen Decl. ¶ 5).  *See, e.g., Rapaport v. Soffer*, No. 2:10-CV-00935, 2011 WL 9324, at *2 (D. Nev. Jan. 3, 2011) (finding no culpable conduct where "there was acceptable reason for Defendant to believe he had been proffered an extension of time in which to file a defensive pleading.").

Finally, Attorney Ericksen "immediately" sought agreement from Plaintiff to set aside the default after learning about its entry (Doc. 72-1, Ericksen Decl. ¶ 6), and filed the instant motion five court days later.  "Such diligence is wholly inconsistent with a finding that any delay was willful, deliberate or in bad faith."  *Black v. Stafford*, No. CIV. S-10-567 FCD, 2011 WL 3925066, at *3 (E.D. Cal. Sept. 7, 2011) (citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)).  *See also J & J Sports Prods., Inc. v. Aranda*, No. 1:12-CV-1508-AWI-BAM, 2013 WL 3773865, at *4 (E.D. Cal. July 17, 2013) ("Defendant's diligence in seeking to set aside the entry of default immediately after appearing in court reveals no disrespect for the courts.").

Because the record is devoid of any evidence that Defendant McIntosh intentionally failed to respond to Plaintiff's Second Amended Complaint, the first factor weighs in favor of finding good cause to set aside the entry of default.

**2.     Meritorious Defense**

---

[3] This is the second time the Court has set aside entry of default against Defendant McIntosh.  (*See* Doc. 38.)  Defendant McIntosh represents that it "will be more diligent about tracking the relevant deadlines in the future." (Doc. 72 at 8.)  The Court intends to hold Defendant McIntosh to its word.

Regarding whether a defaulting defendant has a meritorious defense, the Ninth Circuit Court of Appeals has stated that, at least in the context of relief from the entry of a default, the defaulting defendant must "present the district court with specific facts that would constitute a defense." *Franchise Holding II*, 375 F.3d at 926.  This burden is not "extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700).  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default.  Rather, that question 'would be the subject of the later litigation.'" *Id.* (citing *TCI Group*, 244 F.3d at 700).

Here, Defendant McIntosh asserts that it can establish a potential defense in this action to Plaintiff's direct copyright infringement claim, namely, that Defendant Deertrail obtained the right to use Plaintiff's tract maps through an assignment and that such right was conveyed to Defendant McIntosh, which precludes Plaintiff's claim of direct infringement against Defendants.  (Doc. 72 at 6–7.)  As to Plaintiff's second claim of contributory infringement, which the Court dismissed with leave to amend (*see* Doc. 54), Defendant McIntosh contends that the Second Amended Complaint is devoid of facts that it "knew or should have known that [Defendant Deertrail] did not have the right to use the maps," or "how [Defendant McIntosh] induced [Defendant Deertrail's] infringement."  (Doc. 72 at 7.)

Defendant McIntosh has presented the Court "with specific facts that would constitute a defense" in this case, namely, the right to use Plaintiff's copyrighted tract maps, s*ee Morris v. Young*, 925 F. Supp. 2d 1078, 1082 (C.D. Cal. 2013) (To establish copyright infringement, a plaintiff must show . . . . the unauthorized copying of constituent elements of the copyrighted work that are original) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, (1991)), and specific knowledge of another's infringement.  Because unauthorized use and knowledge of infringement are elements of Plaintiff's claims in this case, Defendant McIntosh has met its minimal burden under the "meritorious defense" prong.   *Mesle*, 615 F.3d at 1094 (characterizing burden under "meritorious defense" prong as "minimal"); *cf. Franchise Holding II*, 375 F.3d at 926 ("meritorious defense" prong not met where party offered "only conclusory

statements," not "specific facts that would constitute a defense").

Plaintiff's opposition challenges only this factor, asserting that Defendant McIntosh has failed to present a meritorious defense because it has not yet filed an answer and citing an out-of-circuit decision that found no "good cause" to set aside entry of default while observing that there was "no answer filed with the motion."[4]  (Doc. 74 at 1–2 (citing *Carignan v. United States*, 48 F.R.D. 323, 325 (D. Mass. 1969).)  But "[e]ntry of default technically cuts off Defendant's right to appear," such that any answer filed by Defendant McIntosh after entry of default is ineffectual.[5] *See Scofield v. Guillard*, No. 3:22-CV-00521-REP, 2023 WL 3098412, at *4 (D. Idaho Apr. 26, 2023)  (citing Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial* § 6:43 (Rutter Group 2021) (providing the following example: "Defendant fails to answer or otherwise respond within the requisite time period.  Plaintiff requests entry of default and entry is made.  Defendant then seeks to file an answer. It is too late.  The court will not accept the answer for filing. Should the clerk do so, the court will order it stricken.  The only procedure available to the defendant is to file a motion to set aside the default (under Rule 55(c) . . .) or seek a stipulation from plaintiff's counsel to set it aside.")).

To the extent Plaintiff contends that Defendant McIntosh is required to provide the Court with a ***proposed*** answer, such a requirement is at odds with the "minimal" burden articulated by the Ninth Circuit.  *Huerta v. Akima Facilities Mgmt.*, LLC, No. 16-CV-00434-KAW, 2017 WL 783686, at *4 (N.D. Cal. Mar. 1, 2017).  "More persuasive" are decisions by courts in this Circuit, "which have found the defendant's burden satisfied by allegations of facts contained in the briefing itself."  *Id*. (collecting cases).  *See Sosa v. Bridge Store, Inc.,* No. 1:10-CV-01494-OWW, 2011 WL 1332049, at *3 (E.D. Cal. Apr. 6, 2011) ("There is no requirement that a party seeking to set aside a default must file a proposed answer to set forth a meritorious defense—only that a meritorious defense be presented in a motion to set aside.").  The Court therefore finds that

---

[4] Plaintiff also criticizes Defendant McIntosh for "fail[ing] to include evidence," asserting that "[n]either a McIntosh officer nor its attorney submitted a declaration."  (Doc. 74 at 2.)  Plaintiff apparently overlooks the fact that Attorney Ericksen (attorney of record for Defendant McIntosh) filed a declaration contemporaneously with the motion, at Doc. 72-1.

[5] The Court observes that Defendant McIntosh has now filed an answer (Doc. 76), which shall be disregarded for the reasons set forth above.

8

Defendant McIntosh has raised a meritorious defense, and that this factor weighs in favor of setting aside entry of default.

### 3. Prejudice

"To be prejudicial, the setting aside of a judgment [or clerk's entry of default] must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. Here, there is no indication that Plaintiff's ability to prosecute its case will be hindered by the delay in setting aside the Clerk's entry of default against Defendant McIntosh. No dates have been set in this case, as the Initial Scheduling Conference is currently set for March 13, 2025. (Doc. 73.) Moreover, Plaintiff does make any allegation of prejudice in its opposition, indicating that any potential prejudice would be minimal.

### III. CONCLUSION AND ORDER

In sum, Defendant McIntosh's lack of culpability, its articulation of facts that would constitute a defense to Plaintiff's claims, and the lack of prejudice to the parties all weigh in favor of setting aside the entry of default. Based on those factors and the general preference for resolving cases on their merits, the Court concludes that good cause exists to set aside the Clerk's entry of default against Defendant McIntosh.

Accordingly, it is HEREBY ORDERED that:

1. The hearing set for January 15, 2025, is hereby VACATED;
2. Defendant McIntosh & Associates Engineering, Inc.'s motion to set aside the Clerk's entry of default (Doc. 72) is GRANTED and the entry of default against it (Doc. 71) is SET ASIDE[6]; and
3. Defendant McIntosh & Associates Engineering, Inc. SHALL file a responsive pleading directed to the Second Amended Complaint and any crossclaim against Defendant New Gen Engineering, Inc. **by no later than ten (10) days of the service of this order**.

---

[6] Nothing herein affects the default entered against Defendant New Gen Engineering Group, Inc. as a result of its failure to respond to Plaintiff's Second Amended Complaint. (*See* Doc. 71.)

9

IT IS SO ORDERED.

Dated: **January 2, 2025**                     /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE