# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAVCO, INC, <br><br>  Plaintiff, <br><br> v. <br><br> DEERTRAIL DEVELOPMENT LLC; NEW GEN ENGINEERING GROUP, INC.; and MCINTOSH & ASSOCIATES ENGINEERING, INC., <br><br>  Defendants. | No. 1:23-cv-00695-JLT-SKO <br><br> **ORDER GRANTING DEFENDANT DEERTRAIL DEVELOPMENT LLC's MOTION TO COMPEL** <br><br> (Doc. 100) |

Pending before the Court is Defendant/Cross-Plaintiff Deertrail Development, LLC ("Deertrail")'s Motion to Compel Plaintiff/Cross-Defendant Adavco, Inc. ("Adavco") to (1) supplement its Rule 26(a)(1)(A)(iii) damages computation and disclosure, (2) supplement its answers to Deertrail's Interrogatories 1–12 (Doc. 50), (3) search for and produce documents in response to Deertrail's Request for Production Nos. 1–48; and (4) non-party Robert Smith to supplement his response to Deertrail's requests for Production Nos. 1–22. (*See* Docs. 100, 104.) The parties filed their Joint Statement on September 17, 2025.

The Court has reviewed the parties' papers and all supporting material and finds the matter suitable for decision without oral argument pursuant to U.S. District Court for the Eastern District of California's Local Rule 230(g). The hearing set for October 1, 2025, will therefore be vacated.

For the reasons set forth below, Deertrail's motion will be granted.

//

//

## I. BACKGROUND

Adavco filed a First Amended Complaint on June 23, 2023. (Doc. 16.) In its complaint, Adavco alleges Deertrail copied and used Adavco's copyrighted tract maps to develop a residential subdivision in Bakersfield, California. (Doc. 16.) Adavco asserts two claims for copyright infringement and seeks injunctive relief, actual damages, statutory damages, and attorney's fees and costs. (*Id.*) On October 9, 2024, Deertrail filed an answer with a counterclaim against Adavco seeking declaratory relief. (Doc. 59.)

On March 8, 2024, Adavco served its "Initial Disclosures under Fed. R. Civ. P. 26(a)(1)" on all parties to this litigation. (Doc. 104-1 at 2–4 (Declaration of Shane G. Smith ("Smith Decl.")); *id.* at ¶ 3.) On March 14, 2025, the Court issued its Scheduling Order in this case setting, among other deadlines, a cut-off for non-expert discovery on December 19, 2025. (Doc. 91.) On April 4, 2025, Deertrail served its Rule 26(a) Initial Disclosures on all parties to this litigation. (*See* Doc. 104 at 3.) On April 18, 2025, Deertrail served its Request for Production Nos. 1-48 and Interrogatory Nos. 1-12 on Adavco. (Smith Decl. ¶¶ 4–5; Doc. 104-1 at 10–37 ("Ex. 2"); *id.* at 39–62 ("Ex. 3").)

On May 11, 2025, Deertrail served notice of its forthcoming Subpoena to Testify at Deposition in a Civil Action directed to non-party Robert Smith on counsel for all parties in this litigation. (Smith Decl. ¶ 6; Doc. 104-1 at 64–67 ("Ex. 4").) On May 13, 2025, after informal correspondence to Smith went unanswered, Deertrail personally served its Subpoena to Testify at Deposition in a Civil Action on Smith at his residence. (Doc. 104 at 4; *see also* Smith Decl. ¶¶ 6–7.) The subpoena attached Deertrail's Requests for Production Nos. 1–22 directed to Smith. (Smith Decl. ¶ 7; Doc. 104-1 at 69–83 ("Ex. 5").) On May 23, 2025, after receiving an extension of time to respond from Deertrail, Adavco served responses to Deertrail's Requests for Production and Interrogatories. (Smith Decl. ¶¶ 8-9; *see also* Doc. 104-1 at 85–112 ("Ex. 6"); *id.* at 114–22 ("Ex. 7").)

On May 27, 2025, Smith's Rule 45(d)(2)(B) deadline to serve objections to Deertrail's subpoena and attached document requests passed without Smith serving objections. (Doc. 104 at 4.) On July 23, 2025, by way of two discovery letters including citations to authority, Deertrail initiated its Local Rule 251 meet and confer with Adavco regarding Adavco's Rule 26(a)(1)(A)(iii)

1  damages computation and disclosure, the content of Adavco's responses to Deertrail's pending
2  interrogatories and requests for production, and the absence of any document production in response
3  to those requests for production. (Doc. 104 at 4.) Deertrail similarly initiated its Local Rule 251
4  meet and confer with Smith about the absence of any document production in response to Deertrail's
5  requests for production. (Smith Decl. ¶ 10; Doc. 104-1 at 124–39 ("Ex. 8").) On August 1, 2025,
6  Deertrail and Smith tentatively agreed to hold Smith's deposition on August 25 or 28, 2025, pending
7  the completion of Smith's document production efforts. Deertrail later opted for the August 28,
8  2025, date in order to give Smith additional time to search for and produce documents in response
9  to Deertrail's subpoena. (Doc. 104 at 4.) However, on August 20, 2025, Deertrail postponed Mr.
10 Smith's deposition in light of the lack of assurances made by Smith as to whether he had
11 appropriately searched for documents. (Doc. 104 at 4; Ex. 8 at 126.) On August 20, 2025, Deertrail
12 noticed its Motion to Compel Discovery. (Doc. 100.)

## II.   DISCUSSION

Deertrail seeks an order compelling Adavco to (1) supplement its Rule 26(a)(1)(A)(iii) damages computation and disclosure, (2) supplement its answers to Deertrail's Interrogatories 1–12 (Doc. 50), (3) search for and produce documents in response to Deertrail's Request for Production Nos. 1–48. Deertrail also seeks an order compelling non-party Smith's response to its requests for production. The Court will take each request in turn.

### A.   Supplementation of Initial Disclosures as to Damages Calculation

First, Deertrail contends that Adavco's initial disclosures as to damages are insufficient under Federal Rule of Civil Procedure 26 and Adavco should be compelled to supplement their initial disclosures. (Doc. 104 at 4–6.)

Rule 26 provides that a party must provide, without a discovery request, "a computation of each category of damages claimed by the disclosing party," as well as documents "on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. Proc. 26(a)(1)(A)(iii). Each party "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent

3

of injuries suffered." *Id.* Although these mandatory disclosures are limited to what is possible to say with "the information then reasonably available," a litigant is "not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E); *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). Indeed, the initial disclosure requirement contemplates "some analysis" and requires more than merely setting forth the amount demanded. *Id.* at 221. Generally, the plaintiff "should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable [the defendant] to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *Id.* Moreover, "[f]uture expert analysis does not relieve plaintiff of its obligation to provide information reasonably available to it" regarding its alleged damages. *Frontline Medical Assoc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009). Finally, a party who has made a disclosure under Rule 26(a) also "must supplement or correct" that disclosure if it "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

When these disclosure rules were first added to Rule 26, the Advisory Committee wrote that one "major purpose" of their inclusion was "to accelerate the exchange of basic information about the case" and to reduce the paperwork associated with requesting that information. Fed. R. Civ. P. 26, Advisory Committee Notes to 1993 Amendment. It urged courts to apply the initial disclosure rules "in a manner to achieve those objectives." *Id.* In the years since then, district courts thus have emphasized, for example, that Rule 26(a) allows litigants "to understand their potential exposure and make informed decisions as to settlement and discovery." *Simmons v. Bauer Rentals*, No. 23-00523, 2025 WL 474258, at *2 (E.D. Cal. Feb. 12, 2025).

Adavco's operative complaint frames the "categories of damages" as, first, "actual damages equal to the actual damages suffered by Adavco . . . including an award of reasonable attorney fees, costs and disbursements incurred by Adavco," and, second, "at least $2,500,000, the maximum statutory damages allowed under the Copyright Act . . . including an award of the reasonable

4

attorney fees, costs and disbursements incurred by Adavco." (Doc. 57 ¶¶ 46–47.) Here, the extent of Adavco's initial disclosures as to damages is a statement that "Adavco seeks damages of at least $2.1 million." (Doc. 104-1 at 8.) While the Court recognizes that a party's disclosure obligations also may change as a case goes on, the Court finds that Adavco's initial disclosures as to damages are insufficient under the plain text of Rule 26(a)(1)(A)(iii). A "lump sum" damages estimate does not suffice in light of the Rule's reference to a "computation." *See City & County of San Francisco*, 218 F.R.D. at 221. Nor is even a computation enough on its own. District courts have commonly required a disclosure of the party's "theory of damages," too. *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, No. 12-01216, 2013 WL 321659, at *6 (D. Nev. Jan. 28, 2013) (collecting authority).

The Court will grant Deertrail's request for an order requiring Adavco to supplement its initial disclosure as to damages in order to provide a computation as to actual and statutory damages, and to provide further clarity on their "theory of damages." Consistent with Rule 26(a)(1)(A)(iii), Adavco "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

### B. Supplementation of Interrogatory Answers

Next, Deertrail moves for an order compelling Adavco to supplement its responses to Deertrail's interrogatories. (Doc. 104 at 6–14.) In response, Adavco does not purport to defend in the Joint Stipulation any of its objections to the interrogatories as stated in their initial response to the interrogatories, therefore, those objections are waived and overruled. *See Puckett v. Cnty. of Sacramento*, No. 2:22-CV-0350 KJM DB, 2024 WL 418187, at *2 (E.D. Cal. Feb. 5, 2024) ("objections asserted in discovery responses but not raised in briefing on a discovery motion are . . . waived" (quoting *O. L. v. City of El Monte*, No. 2:20-cv-0797 RGK (JDEx), 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021))), *reconsideration denied*, No. 2:22-CV-00350-KJM-DB, 2024 WL 1462390 (E.D. Cal. Apr. 4, 2024); *Mort v. Brennan*, No. 119CV00652NONESKO, 2020 WL 5702142, at *4 (E.D. Cal. Sept. 24, 2020); *MarketLinx, Inc. v. Indus. Access Inc.*, No. CV123496CBMFMOX, 2013 WL 12133884, at *2 (C.D. Cal. Jan. 2, 2013) ("objections that were raised in response to a particular discovery request, but were not argued in the Joint Stipulation, are

deemed waived").

And even were the objections not waived, the Court finds that Adavco has failed to carry its burden to defend those objections, resulting in those objections being overruled. *See United States v. McGraw-Hill Companies, Inc.*, No. CV 13-779-DOC JCGX, 2014 WL 164735, at *8 (C.D. Cal. Apr. 15, 2014); *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002). Adavco's sole argument in opposition to Deertrail's motion to compel supplementation of Adavco's responses to the interrogatories is one sentence which, tellingly, is without any legal argument or citation to authority. The essence of Adavco's argument is that a motion to compel supplementation of Adavco's responses to Deertrail's interrogatories is "premature" as Deertrail has not yet responded to Adavco's requests for production. (*See* Doc. 104 at 18 ("Ordering Adavco revise interrogatories is premature because Deertrail itself has not produced any documents related to Deertrail's profits from the copyrighted tract maps 6860 and 6859.")) The lack of authority cited is consistent with the weight of the authority that has repeatedly *rejected* such arguments. *See, e.g.*, *Jackson v. Gaspar*, No. CV 19-10450-DOC(EX), 2021 WL 11739887, at *1 (C.D. Cal. Apr. 16, 2021) (describing a similar argument as "present[ing] a non sequitur"); *Harrison v. Commissioner Gary Lanigan*, 2016 WL 3626524, at *2 (D. N.J. July 1, 2016) ("there is no place for 'tit-for-tat' in a court of law. One party's failure to comply with certain rules and procedures is not an excuse for another party to do the same"); *Genentech, Inc. v. Tr. of Univ. of Penn.*, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent." (quoting *Fresenius Med. Care Holding Inc. v. Baxter Int'l., Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004))). And indeed, even if this were a valid reason for a party's own non-compliance with discovery obligations, at the time this motion was noticed, there were no discovery requests that had not been fulfilled by Deertrail.[1]

Because Adavco has not set forth any compelling argument in opposition and the objections contained in their initial responses to the interrogatories are waived and overruled, Deertrail's

---

[1] Deertrail has represented to the Court that they only received such requests on September 2, 2025, (*see* Doc. 104 at 5)—almost two weeks after the notice of this motion, (*see* Doc. 100).

6

motion to compel supplementation of interrogatory answers will be granted. *See Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, No. CV223741FLARAOX, 2023 WL 9004983, at *7 (C.D. Cal. June 23, 2023).

### C.    Search & Production Responsive to Requests for Production

Finally, Deertrail seeks an order compelling Adavco and non-party Smith to diligently search for and produce documents in response to its requests for production. (Doc. 104 at 16–17.) Deertrail contends that at the time the motion was noticed, Adavco had only produced a single batch of documents stemming from a public records request to the City of Bakersfield and that Deertrail believes that there should be more documents originating from Adavco itself that are relevant and responsive to these requests. (*See id.* at 14.)[2]  As to non-party Smith, Deertrail contends that Smith has only produced a small number of documents in response to these requests and Deertrail believes there should be more documents that are responsive to these requests. (*See id.* at 15.)

Adavco

Federal Rule of Civil Procedure 34 ("Rule 34") governs requests for production of documents. Fed. R. Civ. P. 34.  A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  The responding party must respond in writing and is obligated to produce all specified relevant and nonprivileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a).  Alternatively, a party may state an objection to a request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(A)–(B).

Here, Adavco makes no substantive argument in opposition to Deertrail's request.  Adavco's responses to Deertrail's requests for production were originally due by May 18, 2025, though the parties stipulated to a brief extension.  (*See* Doc. 104 at 4; Smith Decl. ¶ 8; Ex. 2 at 11); *see also* Fed. R. Civ. Proc. 34(b)(2)(A).  And, tellingly, Adavco has not made any representation in their responses to the Requests for Production or in the Joint Statement that they have conducted a diligent

---

[2] Deertrail represents that since the noticing of the motion and after Deertrail had provided the opening portion of the Joint Statement, Adavco turned over 19 additional documents that were not Bates stamped and that "most (if not all)" of these documents were duplicates of documents that had been disclosed in the first batch of documents.  (*See* Doc. 104 at 14; 104-1 at 3.)

7

search for all responsive documents. Therefore, Deertrail's Motion to Compel further responses from Adavco as to its Requests for Production will be granted. Accordingly, Defendants shall serve supplemental responses producing any relevant non-privileged documents and stating they have conducted a diligent search and have produced all non-privileged documents in their possession, custody, or control.

Non-Party Smith

Parties may obtain, by subpoena, documents from nonparties. *See* Fed. R. Civ. P. 45. The non-party respondent may assert objections to the requests. Fed. R. Civ. P. 45(d)(2)(B). The objections must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served."

As to non-party Smith, the Court observes that there has been no representation that he has diligently searched for all responsive documents despite the fact that his responses were due by June 12, 2025. (*See* Doc. 104 at 4; Smith Decl. ¶ 5; Ex. 5 at 73); *see also* Fed. R. Civ. Proc. 34(b)(2)(A). The only documents Smith has produced—four documents including a single email thread and three accompanying attachments—are responsive to only several of the 22 requests for production. (*Compare* Ex. 5, *with* Doc. 104-1 at 150–55.)

Therefore, the Court will grant Deertrail's motion to compel both Adavco and Smith to produce all responsive documents. Additionally, the Court will order Adavco's counsel to produce to Deertrail a sworn affidavit setting forth in detail all efforts made to locate responsive documents and attesting that all responsive documents in Adavco's possession, custody, or control have been produced. *See Hart v. PAE Gov't Servs. Inc.*, No. CIV S-10-1672 KJM, 2011 WL 2580389, at *1 (E.D. Cal. June 28, 2011) (granting motion to compel further response requiring responding party to state under oath whether any responsive documents exist in his possession or control and describe the efforts he made to locate responsive documents). Furthermore, the Court will order that Smith shall also produce documents to Deertrail in full compliance with the Court's Discovery Order, along with a declaration signed under penalty of perjury, setting forth all steps taken to locate responsive documents in its possession, custody, or control, and affirming that no additional responsive documents are in its possession, custody, or control. *See id.*

### III. CONCLUSION AND ORDER

Based on the foregoing, the hearing scheduled for October 1, 2025 is VACATED, and Deertrail's Motion to Compel, (Doc. 100), is GRANTED as follows:

1. Adavco SHALL, consistent with Rule 26(a)(1)(A)(iii), supplement its initial disclosure as to damages in order to provide a computation as to actual and statutory damages and to clarify its theory of damages;

2. Adavco SHALL, consistent with Fed. R. Civ. P. Rule 26(a)(1)(A)(iii), "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered";

3. Adavco SHALL supplement its responses to Deertrail's Interrogatories 1–12 pursuant to Federal Rule of Civil Procedure 33;

4. Adavco SHALL supplement its responses to Deertrail's Request for Production Nos. 1–48, providing ALL records responsive to Deertrail's request pursuant to Federal Rule of Civil Procedure 34;

5. Unless otherwise stipulated, within fourteen (14) days of this order, Adavco SHALL produce to Deertrail a sworn affidavit setting forth in detail all efforts made to locate responsive documents and attesting that all responsive documents in Adavco's possession, custody, or control have been produced;

6. Unless otherwise stipulated, within fourteen (14) days of this order, Smith SHALL supplement his responses to Deertrail's Request for Production Nos. 1–22 pursuant to Rule 45 of the Federal Rule of Civil Procedure; and

7. Unless otherwise stipulated, within fourteen (14) days of this order, Smith SHALL produce to Deertrail a declaration signed under penalty of perjury, setting forth all steps taken to locate responsive documents in its possession, custody, or control, and

//
//

affirming that no additional responsive documents are in its possession, custody, or control.

IT IS SO ORDERED.

Dated:  **September 29, 2025**                    /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE