MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Shane G. Smith, # 272630
  *shane.smith@mccormickbarstow.com*
Melissa K. Cerro, #304268
  *melissa.cerro@mccormickbarstow.com*
Garrett R. Leatham, #333362
  *garrett.leatham@mccormickbarstow.com*
7647 N. Fresno St.
Fresno, California 93729-8912
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

*Attorneys for Defendant / Counter-Plaintiff*
*Deertrail Development, LLC*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ADAVCO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEERTRAIL DEVELOPMENT, LLC, a California limited liability company, NEW GEN-ENGINEERING GROUP, INC., a California corporation, MCINTOSH & ASSOCIATES ENGINEERING, INC., a California corporation, and DOES 1-10,<br><br>Defendants. | Case No. 1:23-cv-00695-JLT-SKO<br><br>**STIPULATED PROTECTIVE ORDER; ORDER**<br><br>(Doc. 108) |
| DEERTRAIL DEVELOPMENT, LLC, a California limited liability company,<br><br>Counter-Plaintiff,<br><br>v.<br><br>ADAVCO, INC., a California corporation; and ANNETTE DAVIS, a California individual,<br><br>Counter-Defendants. | |
| NEW GEN ENGINEERING GROUP, INC.,<br><br>Cross-Plaintiff, | |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

**1:23-cv-00695-JLT-SKO**

STIPULATED PROTECTIVE ORDER

v.

MCINTOSH & ASSOCIATES ENGINEERING, INC.

Cross-Defendant.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Court's Order at ECF 101, Plaintiff / Counter-Defendant ADAVCO, INC. and Counter-Defendant ANNETTE DAVIS, Defendant / Counter-Plaintiff DEERTRAIL DEVELOPMENT, LLC, Defendant / Cross-Plaintiff NEW GEN-ENGINEERING GROUP, INC., and Defendant / Cross-Plaintiff MCINTOSH & ASSOCIATES ENGINEERING, INC., through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

### GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c)

Disclosure and discovery activity in this action are likely to involve (and have involved) production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case, and that nothing will be so designated without a good faith belief that there is good cause as to why information should not be part of the public record.

**Statement Under L.R. 141.1(c)(1):**  The categories of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure are:

a)   Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b)   Agreements with third-parties;

c)   Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

d)   Information showing the price or other information related to the terms of sale or

purchase of products and materials relevant to this case;

e)    Information related to internal operations, including personnel information; and

f)    Information related to past, current, and future market analyses and business and marketing development, including plans, strategies, forecasts and competition.

**Statement Under L.R. 141.1(c)(2):**  Generally speaking, information and documents shall only be designated under this protective order because the Designating Party believes the information or documents are proprietary, confidential, and/or trade secret information that the Designating Party would not release publicly.  Unrestricted or unprotected disclosure of such confidential, technical, commercial, or personal information may result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential information.  Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

**Statement Under L.R. 141.1(c)(3):**  The parties submit that protecting the confidential nature of information in this way will be most efficient for the parties and the Court.  That is because the liability issues in this case will involve the mutual exchange of documents, deposition testimony, and other information that a Party may consider to be its proprietary and confidential information.  Remedies issues in this case are likely to involve the mutual exchange of business-sensitive financial, pricing, and related information.  The parties have met and conferred on this issue and agree that any private agreement between the parties to safeguard this information will only need to be replicated through orders of this Court at the time of filing dispositive or non-dispositive motions.

## PROTECTIVE ORDER

1.    <u>DEFINITIONS</u>.

(a)    The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

(b)    The term "Confidential" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party in good faith reasonably believes will disclose confidential, proprietary and nonpublic financial, commercial, personal, or business information eligible for protection under the Federal Rule of Civil Procedure 26(c).  "Confidential"

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

STIPULATED PROTECTIVE ORDER

1:23-cv-00695-JLT-SKO

information shall not include information that either: (a) is in the public domain at the time of disclosure; (b) lawfully becomes part of the public domain through no fault of the recipient, or (c) was lawfully in the procession of the Receiving Party at the time of disclosure.

(c)   The term "Counsel" shall mean the attorneys of record for any party in this action, their associates and their staff.  If any party seeks to add counsel of record or substitute counsel of record, then no "Confidential" or "Outside Counsels' Eyes Only" Documents and information shall be discussed to such additional or substitute counsel until they have agreed to this stipulation by executing the attached **Exhibit A**.

(d)   The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Outside Counsels' Eyes Only."

(e)   The term "Documents" shall have the same meaning as the term "documents and electronically stored information" in Federal Rule of Civil Procedure 34.

(f)   The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or as a consultant in this litigation and who, at the time of retention, is not anticipated to become an officer, director, or employee of a Party.  Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

(g)   The term "House Counsel" shall mean attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

(h)   The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(i)   The term "Outside Counsel of Record" shall mean attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

(j)   The term "Outside Counsels' Eyes Only" shall mean and include those Confidential

documents, answers to interrogatories, responses to requests for admission, deposition transcripts, affidavits, expert reports, legal briefs or memoranda, and portions of such materials, and information derived therefrom that the Designating Party in good faith believes is highly confidential such that, if disclosed to the Receiving Party, might cause competitive harm to the Designating Party. Information and material that may be subject to this protection includes, but is not limited to, financial statements; proprietary technical and/or research and development data; financial, marketing and other sales data (such as actual or prospective customer lists, actual or prospective vendor lists, purchase prices, and sales and pricing information); trade secrets under applicable law; highly confidential information belonging to third parties, and/or information having strategic commercial value pertaining to the Designating Party's trade or business.  Additionally, relevant documents related to an individual's employment or employment related disclosures may be made pursuant to a "Outside Counsels' Eyes Only" designation to protect the privacy of these individuals.

(k)     The term "Party" shall mean any party to this action, including all of its officers, directors, employees, and consultants retained in the ordinary course of business.

(l)     The term "Producing Party" shall mean a Party or Non-Party that produces information or other discovery material in this action.

(m)     The term "Professional Vendors" shall mean persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(n)     The term "Protected Material" shall mean any information or other discovery material that is designated as "Confidential" or "Outside Counsels' Eyes Only."

(o)     The term "Receiving Party" shall mean a Party that receives information or other discovery material from a Producing Party.

2.     <u>DESIGNATING PROTECTED MATERIAL</u>.

(a)     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designations.  The Designating Party must designate for protection only those parts

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

of material, documents, items, or oral or written communications that qualify under the appropriate standards so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(b)    Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, discovery material and information that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced. The Designating Party must use reasonable efforts to ensure that the applicable legend appears on each page of each file produced, as permitted by the particular format of a given Document.

(c)    Materials Subject to Designation. Each Party to this litigation may designate any Document, thing, interrogatory answer, admission, deposition testimony, and portions of such materials, or other information that it has provided or which a third-party has provided as "Confidential" or "Outside Counsels' Eyes Only" in accordance with this Protective Order. The party designating such information as "Confidential" or "Outside Counsels' Eyes Only" shall be known as the "Designating Party" and the designation shall be set out thereon. In designating Documents or information as "Confidential" or "Outside Counsels' Eyes Only," the Designating Party's counsel shall make a good faith determination, before applying the designation, that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

(d)    Designating Originals or Tangible Items. In the event the Producing Party elects to produce original Documents and things for inspection rather than produce copies of Documents, the Producing Party shall identify those original Documents or tangible items which the Producing Party is designating as "Confidential" or "Outside Counsels' Eyes Only" at the initial inspection.

Thereafter, upon selection of specified Documents for copying by the inspecting party, the Producing Party shall mark the copies of such Documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Said marking shall not delay the production of the copies. Information obtained by counsel from an initial review of Documents or tangible items, whether in written form or not, shall be maintained as "Confidential" or "Outside Counsels' Eyes Only" pursuant to the Producing Party's designations at the time of initial inspection, unless such information is produced without a designation of confidentiality, or as otherwise designated in writing by the Producing Party.

(e)    Inadvertent Failures to Designate.    If timely corrected after its discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

(f)    Production by Non-Parties.    Documents produced by Non-Parties without a confidentiality designation shall be provisionally designated as "Outside Counsels' Eyes Only" for a period of fourteen (14) days from the date of production, during which period any Party may designate any portion of the production as "Confidential" or "Outside Counsels' Eyes Only" for the remainder of the litigation unless and until the designation is successfully challenged pursuant to Section 3 below.

3.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.

(a)    Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)    Meet and Confer.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within five (5) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c)    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within fourteen (14) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Any motion seeking relief from the Court must comply with Hon. Oberto's Standing Order ¶ 6(a)-(e).  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion, including the required declaration within fourteen (14) days (or seven (7) days, if applicable), shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

4.    <u>ACCESS TO "CONFIDENTIAL" MATERIALS</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose an information or item designated "CONFIDENTIAL" to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

"Confidential" information  subject to this Protective Order shall be used by the Party(ies) to whom it is produced solely and exclusively for purposes of the above-captioned litigation unless and until such designation is removed either by agreement of the Parties or by order of the Court.

5.     ACCESS TO "OUTSIDE COUNSELS' EYES ONLY" MATERIALS.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose an information or item designated "Outside Counsels' Eyes Only" to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

attached hereto as Exhibit A;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), *provided*, however, that the Experts who may view "OUTSIDE COUNSELS' EYES ONLY" materials cannot, within the past ten (10) years, be or have been employees or independent contractors of any Party, nor of any Parties' subsidiaries or affiliated companies;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information designated on an "OUTSIDE COUNSELS' ONLY" basis or a custodian or other person who otherwise possessed or knew that information.

"Outside Counsels' Eyes Only" information  subject to this Protective Order shall be used by the Party(ies) to whom it is produced solely and exclusively for purposes of the above-captioned litigation unless and until such designation is removed either by agreement of the Parties or by order of the Court.

6.      EXPERTS & CONSULTANTS.

(a)     Persons Covered By This Provision.  The procedure specified under Paragraph 6(b) shall apply to Experts expressly retained by Counsel to assist in the preparation of this litigation for trial, whether or not the Expert is expected to testify at trial or not, as well as any personnel who

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER

support such Expert's work under the Expert's direction and supervision, and who are necessary for the completion of that work ("Support Personnel").  Disclosures to any such Support Personnel are to be limited to only those disclosures necessary to assist the Expert.

(b)     Procedure for Designating Experts & Consultants Under the Protective Order.  As a condition precedent to disclosure of any "Confidential" or "Outside Counsels' Eyes Only" materials to an individual described in Paragraph 6(a) above, Counsel for the Receiving Party shall require the Expert and his/her Support Personnel (if any) to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) attached hereto.  Such executed Exhibit A shall be maintained by Counsel for the Receiving Party for the term of this Stipulated Protective Order.

7.     STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY.

The recipient of any "Confidential" or "Outside Counsels' Eyes Only" materials provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

8.     TREATMENT OF PROTECTED MATERIAL AT DEPOSITIONS IN THIS LITIGATION.

(a)     Deposition of the Authors and Recipients of Protected Material.  With respect to Documents designated as "Confidential" or "Outside Counsels' Eyes Only," any person indicated on the face of the Document to be its originator, author, or recipient may be shown the Documents. Additionally, any Document designated as "Confidential" or "Outside Counsels' Eyes Only" may be shown to any employee of the Designating Party and/or the Party or Non-Party that produced in this litigation the Document so designated during the deposition of that employee if it is reasonably probable that the employee would have access to or knowledge of the information contained in that Document.

(b)     Exclusion of Certain Persons From Protected Deposition Testimony.  Any Party shall have the right to exclude from attendance at a deposition, during such time as "Confidential" or "Outside Counsels' Eyes Only" Documents or information are to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER

court reporter, interpreter, translator, and/or videographer. However, if a document designated "Confidential" or "Outside Counsels' Eyes Only" is produced for the first time during the course of such deposition, the non-designating Party shall be entitled to stay the deposition with respect to the subject Document.

(c)    <u>Procedure for Designating Transcript Sections as Protected Material</u>. Whenever a deposition taken on behalf of any Party involves a disclosure of "Confidential" or "Outside Counsels' Eyes Only" Documents or information of any Party or Non-Party, said deposition or portions thereof shall be designated as containing "Confidential" or "Outside Counsels' Eyes Only" (as the case may be) subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; *however*, any Party shall have until thirty (30) days after receipt of the deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential" or "Outside Counsels' Eyes Only," and the right to make such designation shall be waived unless made within the thirty (30) day period. During such thirty (30) period, the entirety of the transcript shall be deemed designated "Confidential" or "Outside Counsels' Eyes Only" to preserve the right of any Party to make the appropriate designation during that thirty (30) day period.

9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Party is served with a subpoena, or a court order issues in another litigation, that compels disclosure of any information or items designated in this action as "Confidential" or "Outside Counsels' Eyes Only" that Party must:

(a)    Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(b)    Promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Outside Counsels' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS LITIGATION.

(a)    Applicability.  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential" or "Outside Counsels' Eyes Only."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    Notice Procedure.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(i)    Promptly notify, in writing, the Requesting Party and the Non-Party that some or all of the Protected Material requested is subject to a confidentiality agreement with a Non-Party;

(ii)    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the Protected Material requested; and

(iii)    Make the requested Protected Material available for inspection by the Non-Party.

(c)    Disclosure and Remedy.  If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the above notice and accompanying

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER

information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13.    FINAL DISPOSITION.

(a)    Upon Termination of this Action. Within sixty (60) days after a final disposition of the action, which shall include entry of final judgment and the exhaustion of all rights of appeal, or a dismissal of the action, a Receiving Party shall either return to the Producing Party or destroy all

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER

Documents and things or transcripts of depositions, together with all copies thereof, which have been designated "Confidential" or "Outside Counsels' Eyes Only."  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

(b)     Continuing Obligations.  The termination of proceedings in this action shall not thereafter relieve a person to whom Protected Material was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order for a period of three (3) years, except that the continuing nature of the obligations in this provision shall not apply to the Court or its personnel.

14.     LIMITATIONS.

(a)     Attorneys' Right to Counsel Clients.  Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's Party-client with respect to this action, and in the course thereof, relying upon an examination of "Confidential" or "Outside Counsels' Eyes Only" Documents or information; *provided*, that in rendering such legal advice and in otherwise communicating with the Party-client, the attorney shall not disclose any "Confidential" or "Outside Counsels' Eyes Only" Documents or information to anyone not authorized to receive such Documents, things, materials, or information pursuant to the terms of this Protective Order.

(b)     Filing Protected Materials.  Any Documents produced in discovery, answers to interrogatories, deposition transcripts, or other Documents that are filed with the Court for any purpose and that incorporate information that is designated "Confidential" or "Outside Counsels' Eyes Only" shall be filed in compliance with Local Rule 141.

(c)     Reservation of Rights.  Nothing in this Protective Order, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action.  Moreover, the failure to

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER

designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.  This Order shall not in any way limit what the Producing Party may do with its own Documents or information.

(d)    Meet and Confer In Advance of Trial.  Subject to Paragraph 14(b) and the Federal Rules of Evidence, Documents, material, and information designated "Confidential" or "Outside Counsels' Eyes Only" may be offered in evidence at any pre-trial hearing in the instant action upon one (1) day's written notice of the intention to do so or, if that is not possible, such shorter notice as the circumstances permit.  In the instant Action, any Party may move the Court orally or in writing for an order that the evidence be received *in camera* at a hearing or under other conditions to prevent unnecessary disclosure.  The Party seeking to use Documents, material, and information designated "Confidential" or "Outside Counsels' Eyes Only" must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Documents, material, and information.

The parties shall meet and confer concerning the use and protection of Documents, material, and information designated "Confidential" or "Outside Counsels' Eyes Only" in open court at any pre-trial hearing or trial.

Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Documents, material, and information designated "Confidential" or "Outside Counsels' Eyes Only" at trial.

15.    MISCELLANEOUS.

(a)    Right to Seek Modification.  The Parties may, by written stipulation, provide for exceptions to this Protective Order, and any Party may seek an order of this Court modifying or interpreting this Protective Order.  No stipulation amending this Protective Order will have the force or effect of a Court order absent the Court's written approval of it.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

16

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER

(b)    Right to Further Relief.  Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing "Confidential" or "Outside Counsels' Eyes Only."

(c)    Right to Assert Other Objections.  By stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

DATED: January 11, 2026

By:  _Sheila K. Oberto_
　　　　HON. SHEILA K. OBERTO
　　　　UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

Dated:  November 21, 2025                                          SOCAL IP LAW GROUP LLP

By: _____/s/ Brian S. Tamsut_____
Brian S. Tamsut
Michael D. Harris
*Attorneys for Plaintiff / Counter-Defendant*
*Adavco, Inc. and Counter-Defendant Annette Davis*

Dated:  November 21, 2025                              McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____/s/ Shane G. Smith_____
Shane G. Smith
Melissa K. Cerro
Garrett R. Leatham
*Attorneys for Defendant / Counter-Plaintiff*
*Deertrail Development, LLC*

Dated:  November 21, 2025                              LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ Caitlin Higgins_____
Caitlin E. Higgins
*Attorneys for Defendant / Cross-Plaintiff*
*New Gen Engineering Group, Inc.*

Dated:  November 21, 2025                              GORDON REES SCULLY MANSUKANI, LLP

By: _____/s/ Katharine McCallum_____
Ernest M. Isola
Katharine McCallum
*Attorneys for Defendant / Cross-Plaintiff*
*McIntosh & Associated Engineering, Inc.*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

18

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER

-oOo-

## **SIGNATURE ATTESTATION**

I hereby attest that concurrence has been obtained from counsel for Adavco Brian Tamsut, counsel for New Gen Caitlin Higgins, and counsel for McIntosh Katharine McCallum as indicated by a "conformed" signature (/s/) within this e-filed document.

/s/ Shane G. Smith
Shane G. Smith

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

19

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [type or print full name] of _____ [print or type full address], hereby declare under penalty of perjury that I have read and am fully familiar with the terms of the Protective Order entered in *Adavco, Inc. v. Deertrail Development, LLC et al.*, Case No. 1:23-cv-00695-JLT-SKO in the United States District Court for the Eastern District of California, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential Documents and/or information in said action, and hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information, and any copies I make of any material containing "Confidential" information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other persons that are identified in or have agreed to comply with and be bound by the terms of the Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address, telephone number, and email address] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

**PROOF OF SERVICE**
*Adavco, Inc. v. Deertrail Development, LLC, et al.*
**U.S. District Court Case No. 1:23-cv-00695-JLT-SKO**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On November 21, 2025, I served true copies of the following document(s) described as **[Proposed] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

*SEE* **ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 21, 2025, at Fresno, California.

_____
*/s/ Shane G. Smith*
Shane G. Smith

**SERVICE LIST**
*Adavco, Inc. v. Deertrail Development, LLC, et al.*
**U.S. District Court Case No. 1:23-cv-00695-JLT-SKO**

Brian S. Tamsut
Michael D. Harris
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362
Tel: 805-267-2265; Fax: 805-230-1355
Email:  btamsut@socalip.com
Email:  mharris@socalip.com

*Attorneys for Plaintiff / Cross-Defendant Adavco, Inc. and Non-Party Robert E. Smith*

Ernest M. Isola
Katharine McCallum
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94123
Tel: 415-875-3145; Fax: 415-986-8054
Email: eisola@grsm.com
Email: kmccallum@grsm.com

*Attorneys for Defendant/Cross-Defendant McIntosh & Associates Engineering, Inc.*

Caitlin E. Higgins
LEWIS BRISBOIS BISGAARD & SMITH LLP
2020 W. El Camino Ave., Suite 700
Sacramento, CA 95833-1871
Tel: (916) 646-8215
Email: caitlin.higgins@lewisbrisbois.com

*Attorneys for Defendant/Cross-Claimant New Gen Engineering Group dba McIntosh and Associates*

041008-000000 11493490.4

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

22

1:23-cv-00695-JLT-SKO

STIPULATED PROTECTIVE ORDER